Paul F. Eckstein (#001822)
Joel W. Nomkin (#011939)
Austin C. Yost (#034602)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
PEckstein@perkinscoie.com
JNomkin@perkinscoie.com
AYost@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Maximilian Soza Fees**,<br><br>        Plaintiff,<br><br>   v.<br><br>**Arizona State University**; **Dr. Michael Crow**, President of Arizona State University; **Dr. Cassandra Aska**, Dean of Students of Arizona State University; **Dr. Ron Hicks**, Senior Associate Dean of Students of Arizona State University; **Elizabeth Rosenkrantz**, Executive Director, Associated Students of Arizona State University,<br><br>        Defendants. | Case No. 2:20-CV-01131-SRB<br><br>**DEFENDANTS'<br>MOTION TO DISMISS**<br><br>**(Oral Argument Requested)** |

## Table of Contents

Page

Introduction ................................................................................................. 1

Factual Background ...................................................................................... 2

    I.    The ASASU Supreme Court disqualified Fees' presidential ticket. .................... 2

    II.   The ASU Officials did not intervene in the ASASU Supreme Court's decision. . 2

    III.  Palmer was inaugurated as Student Government President for ASU's
        Tempe campus, and Fees sued ASU, ASASU, and the ASU Officials ................ 3

Legal Standard ............................................................................................ 4

Argument ..................................................................................................... 4

    I.    Fees cannot sue ASU and ASASU because they are non-jural entities. .............. 4

    II.   Fees' Complaint against the ASU Officials fails to allege that they
        proximately caused the alleged deprivation of his free speech rights. ................. 5

    III.  The Eleventh Amendment bars Fees' requested relief because Fees
        seeks retrospective relief and Fees seeks prospective relief that the ASU
        Officials have no authority to provide ................................................................ 9

        A.   Fees cannot recover retrospective relief against the ASU Officials. ............ 9

        B.   Fees cannot recover prospective relief that the ASU Officials have
            no authority to provide. ............................................................................ 10

Conclusion ................................................................................................ 100

## Table of Authorities

**Cases**                                                                              **Page(s)**

*Ansel Adams Publ'g Rights Tr. v. PRS Media Partners, LLC*,
   502 F. App'x 659 (9th Cir. 2012) ................................................................ 4

*Ariz. Libertarian Party v. Reagan*,
   189 F. Supp. 3d 920 (D. Ariz. 2016) ......................................................... 10

*Ariz. Students' Ass'n v. Ariz. Bd. of Regents*,
   824 F.3d 858 (9th Cir. 2016) ...................................................................... 5

*Arnold v. Int'l Bus. Machs. Corp.*,
   637 F.2d 1350 (9th Cir. 1981) .................................................................... 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................. 4, 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................. 4

*Blum v. Yaretsky*,
   457 U.S. 991 (1982) ................................................................................. 8

*De Cambra v. Sakai*,
   No. Civ. 14-00279 DKW-BMK, 2014 WL 3108002,
   (D. Haw. July 7, 2014) .............................................................................. 6

*Dharod v. L.A. City Coll.*,
   No. CV 11-3902-JST (RNB), 2011 WL 3555793 (C.D. Cal. Aug. 11,
   2011), *aff'd in part, rev'd in part* 509 F. App'x 664 (9th Cir. 2013) ...................... 7, 8

*Dickenson v. Haga*,
   No. EDCV 18-2464-DOC (KK), 2019 WL 416720,
   (C.D. Cal. Jan. 31, 2019)........................................................................ 5, 6

*Ex Parte Young*,
   209 U.S. 123 (1908) ................................................................................. 9

*Flagg Bros., Inc. v. Brooks*,
   436 U.S. 149 (1978) ................................................................................. 7

*Husain v. Springer*,
   494 F.3d 108 (2d Cir. 2007).......................................................................8

*Idaho v. Coeur d'Alene Tribe*,
   521 U.S. 261 (1997) ........................................................................ 9

*Ivey v. Bd. of Regents of Univ. of Alaska*,
   673 F.2d 266 (9th Cir. 1982) ......................................................... 5

*Krist v. State*,
   No. CV17-2524 PHX DGC, 2018 WL 1570260,
   (D. Ariz. Mar. 30, 2018) ................................................................ 5

*Minch v. Ariz. State Bd. of Nursing*,
   No. CV-17-2525-PHX-JJT, 2017 WL 5496156,
   (D. Ariz. Nov. 16, 2017) ................................................................. 6

*Morgan v. State*,
   No. CV 06-346-TUC-FRZ (JCG), 2007 WL 2808477,
   (D. Ariz. Sept. 27, 2007) ................................................................ 4

*OSU Student All. v. Ray*,
   699 F.3d 1053, 1070 (9th Cir. 2012). ......................................... 8, 9

*Rynn v. McKay*,
   No. CV-18-00414-PHX-JJT, 2018 WL 3926666,
   (D. Ariz. Aug. 16, 2018) ............................................................. 4, 6

*Stevenson v. Koskey*,
   877 F.2d 1435 (9th Cir. 1989) ...................................................... 7

*Students for a Conservative Am. v. Greenwood*,
   378 F.3d 1129 (9th Cir. 2004) .................................................. 9, 10

*Verizon Md., Inc. v. Pub. Serv. Comm'n*,
   535 U.S. 635 (2002) ...................................................................... 9

*Williams v. City of Mesa Police Dep't*,
   No. CV-09-1511-PHX-LOA, 2009 WL 2568640,
   (D. Ariz. Aug. 18, 2009) ................................................................ 4

**Statutes**

42 U.S.C. § 1983 ................................................................... 1, 6, 7

**Other Authorities**

13 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE &
    PROCEDURE (JURISDICTION) § 3524.3(3d ed. 2020).......................................................9

Federal Rule of Civil Procedure 12 ...............................................................................1, 4

Federal Rule of Civil Procedure 17 ...............................................................................1, 4

**Introduction**

Plaintiff Maximilian Fees brought this 42 U.S.C. § 1983 action to overturn the decision of a student government court that disqualified him from holding office because of violations of a student government elections code. Fees' Complaint against the student government body—the Associated Students of Arizona State University ("ASASU")—and Arizona State University ("ASU") fails because neither is a jural entity. His Complaint against the remaining Defendants—all ASU employees (collectively, "the ASU Officials")—fails because Fees does not (and cannot) allege any facts to suggest that they were responsible for or caused the student court decision that Fees challenges.

In Spring 2020, Fees ran for President of the ASASU Undergraduate Student Government for ASU's Tempe campus. Fees received more votes in the runoff presidential election than his competitor. But the ASASU Supreme Court—comprised exclusively of ASU students—disqualified his presidential ticket. The student court found that various Fees supporters had violated the student-written ASU Undergraduate Student Government Elections Code ("the Student Elections Code").

Fees sued ASU, ASASU,[1] and the ASU Officials under 42 U.S.C. § 1983 for allegedly violating his First Amendment free speech rights. He contends that the ASASU Supreme Court unconstitutionally disqualified his presidential ticket for the speech of his supporters and that the ASU Officials should have intervened to stop the disqualification. Fees asks this Court, among other things, to overturn the student court's decision, remove the current President, and install Fees as President.

Under Federal Rule of Civil Procedure 12(b)(6), each Defendant now moves to dismiss Fees' Complaint. Defendants ASU and ASASU are non-jural entities under Arizona law who cannot be sued under Federal Rule of Civil Procedure 17(b)(3). The Complaint against the ASU Officials must be dismissed for two reasons:

---

[1] The Complaint's caption does not name ASASU as a Defendant, but paragraph 8 lists it as a party. Presumably, Fees intended to name ASASU as a Defendant.

No. 2:20-CV-01131-SRB

- **First**, the Complaint fails to allege facts showing that the ASU Officials proximately caused any alleged free speech violation; and

- **Second**, the retrospective relief sought in the Complaint (such as the rescission of Fees' disqualification) is barred by the Eleventh Amendment, and the prospective relief Fees seeks (such as the "expungement" of Fees' disqualification from his record) is devoid of alleged facts to support it.

**Factual Background[2]**

## I.   The ASASU Supreme Court disqualified Fees' presidential ticket.

Fees is an undergraduate student at ASU. [Doc. 1 ¶ 2]. In Spring 2020, he ran for President of the ASASU Undergraduate Student Government for ASU's Tempe campus. [*Id.* ¶ 13]. He received more votes in the runoff presidential election than his competitor, Jacqueline Palmer. [*Id.* ¶ 15]. But on the day of the runoff election, Palmer's campaign manager filed a complaint with the student-run ASASU Elections Department, alleging that Fees' ticket had violated the Student Elections Code. [*Id.* ¶¶ 14, 16, 19; *see also* Doc. 1-3 at 2].

The ASASU Elections Department determined that Fees' ticket had violated the Student Elections Code and should be disqualified. [Doc. 1-3 at 2]. Under the Student Elections Code, only the student-run ASASU Supreme Court has ultimate authority to disqualify candidates, and so it reviewed the Elections Department's findings. [*Id.* (citing Chapter 11-2 of the Student Elections Code)]. The student court found by a preponderance of the evidence that various Fees supporters had violated the Student Elections Code and thus disqualified Fees' ticket. [Doc. 1 ¶¶ 17, 19; *see also* Doc. 1-3 at 3–6].

## II.   The ASU Officials did not intervene in the ASASU Supreme Court's decision.

Over the next several days, Fees asked various ASU officials, including some of those named as Defendants here, to intervene in the student court's disqualification of his presidential ticket. [Doc. 1 ¶¶ 48–54]. They did not do so. [*Id.* ¶ 54].

---

[2] While the Defendants dispute many of the Complaint's factual allegations, the Defendants accept them as true for purposes of this Motion to Dismiss.

While ASU officials did not intervene in the disqualification decision, the ASASU Supreme Court agreed to "reassess[]" its decision given Fees' accusation that the decision violated his free speech rights. [*Id.* ¶ 55]. According to the Complaint, two of the Defendants, Dr. Hicks and Ms. Rosenkrantz, "provided" some sort of "guidance" to the student court as it reassessed its decision, but the Complaint does not allege what that "guidance" entailed. [*Id.*]. After its review, the ASASU Supreme Court reaffirmed its decision and disqualified Fees' presidential ticket. [*Id.* ¶ 56].

The Complaint cites no student government or university regulation that provides a right or procedure to review, let alone to reverse, a final ASASU Supreme Court disqualification decision. Nonetheless, after the student court reaffirmed its decision, Fees wrote to Drs. Crow, Rund, and Vogel.[3] [*Id.*; *see also* Doc. 1-6]. Fees' letter asked the recipients to "conduct an independent review" of the student court's interpretation of the Student Elections Code as applied to his presidential ticket. [Doc. 1-6 at 2]. Pending that review, Fees requested that the recipients postpone Palmer's inauguration. [*Id.* at 1]. Neither Dr. Crow, Dr. Rund, nor Dr. Vogel responded to Fees' letter. [Doc. 1 ¶ 57]. On June 9, 2020, Palmer was inaugurated as President of the ASASU Undergraduate Student Government for ASU's Tempe campus. [*Id.* ¶¶ 60–61].

### III.  Palmer was inaugurated as Student Government President for ASU's Tempe campus, and Fees sued ASU, ASASU, and the ASU Officials.

The day before Palmer's inauguration, Fees filed this suit against ASU, ASASU,[4] and the ASU Officials, alleging that they violated his free speech rights. [*See, e.g.*, *id.* ¶ 17]. He requests a declaration to that effect. [*Id.* (Prayer for Relief) ¶¶ C, E]. He also requests an injunction to (1) "restrain[] ASU" from holding Palmer's inauguration; (2) "expunge[]" the ASASU Supreme Court's disqualification from Fees' "record"; (3) "prohibit[] [the] Defendants from enforcing any provision" of the Student Elections Code "that would constitute a prior content-based restraint on free speech"; and (4) "overturn[]" the ASASU

---

[3] Drs. Rund and Vogel are ASU employees, but neither are named as Defendants.

[4] *See supra* note 1.

Supreme Court's disqualification decision and "direct[]" that Fees be installed as President. [*Id.* (Prayer for Relief) ¶¶ A, D, F, G].

<strong>Legal Standard</strong>

A complaint must allege enough facts that, "accepted as true, . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff cannot rely on "labels and conclusions." *Id.* (quoting *Twombly*, 550 U.S. at 555). Instead, the plaintiff must allege facts that would allow a court "to draw the reasonable inference that [each] defendant is liable for the misconduct alleged." *Id.* If the plaintiff fails to do so, then the complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6). *See id.*

<strong>Argument</strong>

As explained below, Fees failed to state a claim on which relief can be granted against any of the Defendants.

**I.     Fees cannot sue ASU and ASASU because they are non-jural entities.**

Arizona law does not authorize suit against ASU or ASASU. "The capacity to sue or be sued is determined by the law of the state where the district court is located." *Williams v. City of Mesa Police Dep't*, No. CV-09-1511-PHX-LOA, 2009 WL 2568640, at *2 (D. Ariz. Aug. 18, 2009) (citing Fed. R. Civ. P. 17(b)(2), (3)). "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Morgan v. State*, No. CV 06-346-TUC-FRZ (JCG), 2007 WL 2808477, at *8 (D. Ariz. Sept. 27, 2007).

"In Arizona, a plaintiff may sue a government entity only if the state legislature has granted that entity the power to sue or be sued." *Rynn v. McKay*, No. CV-18-00414-PHX-JJT, 2018 WL 3926666, at *3 (D. Ariz. Aug. 16, 2018). This rule requires dismissal of ASU and ASASU because no Arizona statute allows them to be sued. To the contrary, courts—including the Ninth Circuit—have consistently concluded that Arizona's universities and units within those universities cannot be sued. *See Ansel Adams Publ'g Rights Tr. v. PRS Media Partners, LLC*, 502 F. App'x 659, 660 (9th Cir. 2012) (noting that

the University of Arizona is "a non-jural entity" that "cannot be sued in its own name"); *Krist v. State*, No. CV17-2524 PHX DGC, 2018 WL 1570260, at *3 (D. Ariz. Mar. 30, 2018) (dismissing claims "against ASU and the School of Art" because the plaintiff failed to show that those entities are "jural entities separate from" the Arizona Board of Regents).

Fees cannot cure the non-jural status of ASU and ASASU by naming the Arizona Board of Regents in their place. As the Ninth Circuit held in *Arizona Students' Ass'n v. Arizona Board of Regents*, the Arizona Board of Regents "is an arm of the State of Arizona for Eleventh Amendment purposes." 824 F.3d 858, 864–65 (9th Cir. 2016); *see also id.* at 865 (describing the plaintiff's decision to name the Arizona Board of Regents as a defendant an "error" under the Eleventh Amendment).

## II.     Fees' Complaint against the ASU Officials fails to allege that they proximately caused the alleged deprivation of his free speech rights.

A civil rights plaintiff such as Fees must allege enough facts to state a plausible claim that "*each Government-official defendant*, through the official's *own individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added). That is because "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677. The plaintiff must therefore "present facts showing how [each] particular defendant was directly and personally involved in inflicting the alleged injury, such that a claim to relief is "plausible on its face." *Dickenson v. Haga*, No. EDCV 18-2464-DOC (KK), 2019 WL 416720, at *3 (C.D. Cal. Jan. 31, 2019) (quoting *Iqbal*, 556 U.S. at 678); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

Fees' Complaint does not come close to meeting this standard. The core of the Complaint is that the ASASU Supreme Court—not the ASU Officials—violated his free speech rights by disqualifying his presidential ticket. [Doc. 1 ¶¶ 20–47]. But that student court is not—and as a non-jural entity, could not be—a defendant. While Fees tries to hold

the ASU Officials responsible for the student court's decision, he alleges no facts that would establish their individual liability.

For the most part, the Complaint does not even mention the ASU Officials individually. Instead, it merely alleges that some unspecified "Defendant" did something, [*id.* ¶¶ 30, 31, 40, 48, 58], or that the "Defendants" as a group did something, [*id.* ¶¶ 1, 10, 11, 17, 18, 21, 29, 39, 60]. Such broad and generalized allegations do not suffice to state a plausible civil rights claim against individual defendants. *See, e.g.*, *Dickenson*, 2019 WL 416720, at *3 (dismissing civil rights claims when the plaintiff failed "to demonstrate individual defendants were directly and personally involved in inflicting the alleged injury" and instead set out "allegations as to actions taken by 'Defendants' as a collective group").[5]

Critically, Fees does not allege any facts to suggest that any of the ASU Officials were the "proximate cause" of the alleged First Amendment violation. *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A government official causes the deprivation of a plaintiff's constitutional rights only when the official:

1) Performs an "affirmative act" that causes the deprivation of the plaintiff's constitutional rights;

2) "[P]articipate[s] in the affirmative acts of another" that, "acting concurrently, results in the plaintiff being deprived" of his constitutional rights; or

---

[5] *See also Rynn*, 2018 WL 3926666, at *2 (dismissing civil rights claims when the plaintiff failed to "adequately distinguish between the 14 Defendants in terms of their alleged conduct" and reasoning that a "plaintiff may not collectively accuse multiple defendants of committing misdeeds through the expedience of the title "Defendants" because "group[-]pleading fails to comply with Rule 8(a)(2) [in that] it does not give fair notice of the claims against each Defendant with the requisite specificity"); *Minch v. Ariz. State Bd. of Nursing*, No. CV-17-2525-PHX-JJT, 2017 WL 5496156, at *1 (D. Ariz. Nov. 16, 2017) (dismissing civil rights claims when the plaintiff failed to "both name specific defendants and allege specific actions by those defendants" because a "plaintiff may not collectively accuse multiple defendants of committing misdeeds through the expedience of the title "Defendants" because "group[-]pleading fails to comply with Rule 8(a)(2) [in that] it does not give fair notice of the claims against each Defendant with the requisite specificity"); *De Cambra v. Sakai*, No. Civ. 14-00279 DKW-BMK, 2014 WL 3108002, at *4 (D. Haw. July 7, 2014) (dismissing civil rights claims when the plaintiff alleged that "all Defendants, without differentiation, are liable to him for [his] alleged deprivations" because § 1983 "requires an actual connection or link between a defendant's actions and the plaintiff's allegations" and thus, to state a claim, a plaintiff "must demonstrate that each Defendant was personally involved in the alleged deprivations of his constitutional rights").

3)   Does not perform an act that "he is legally required" to perform that "causes the deprivation" of the plaintiff's constitutional rights.

*Stevenson v. Koskey*, 877 F.2d 1435, 1439 (9th Cir. 1989). Rather than allege anything of the sort, Fees' Complaint recognizes that the ASU Officials did not even enter the picture until "[a]fter the ASASU supreme court violated Plaintiff's free speech rights." [Doc. 1 ¶ 48]. Fees' Complaint against the ASU Officials merely alleges that, after the alleged damage was already done, these Officials did nothing to "cure" the alleged First Amendment violation. [*Id.* ¶ 51]. As to Dr. Crow, all the Complaint alleges is that he did not respond to Fees' letters. [*Id.* ¶¶ 51, 54, 56, 57]. As to Dr. Aska, Fees acknowledges that she explained the importance of not intervening so as to respect "the autonomy of student government." [Doc. 1-5 at 2]. And while the Complaint alleges that Dr. Hicks and Ms. Rosenkrantz "provided guidance" to the ASASU Supreme Court when it reassessed its initial decision, [Doc. 1 ¶ 55], it alleges no facts about what that "guidance" entailed, let alone does it suggest that those Defendants caused or encouraged the student court to reaffirm its disqualification decision.

Nor does the Complaint allege anything to suggest that the ASU Officials had any legal duty to "cure" the student court's alleged free speech violation. Fees cited no statute that imposes a legal duty on any of the ASU Officials to interfere in that decision and no facts that would establish the existence of some special relationship between any of the ASU Officials and Fees that would lead to a legal duty to interfere.

In sum, Fees' Complaint boils down to an allegation that the ASU Officials did nothing to intervene in or overturn the student court's decision. But that does not constitute proximate cause as a matter of law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164 (1978) (observing that the United States Supreme Court "has never held that a State's mere acquiescence in a private action converts that action into that of the State").

The Ninth Circuit has rejected a student's § 1983 complaint in very similar circumstances because of the complaint's failure to tie alleged misconduct to official

action. In *Dharod v. Los Angeles City College*, the plaintiff was a student who was elected to serve a term on the governing board for a student organization. No. CV11-3902-JST (RNB), 2011 WL 3555622, at *3 (C.D. Cal. June 7, 2011), *aff'd in part, rev'd in part* 509 F. App'x 664 (9th Cir. 2013). After the plaintiff was alleged to have engaged in misconduct, the board impeached the plaintiff. *Id.* at *3–4. In response, the plaintiff sued two college officials (among others), alleging that the student organization violated her free speech rights and that the college officials were "fully informed and aware" of the alleged violation. *Id.* at *4. The Magistrate Judge found that there was no state action because the plaintiff did not allege that the "college officials 'coerced or encouraged' the alleged acts of the students." *Id.* at *6 (citation omitted). Like Fees' Complaint here, the plaintiff instead only alleged that the college officials "did not intervene" in the students' actions. *Id.* at *7.

The District Court adopted the Magistrate Judge's recommendation. *See Dharod v. L.A. City Coll.*, No. CV 11-3902-JST (RNB), 2011 WL 3555793, at *1 (C.D. Cal. Aug. 11, 2011), *aff'd in part, rev'd in part* 509 F. App'x 664 (9th Cir. 2013). And the Ninth Circuit agreed, holding that the plaintiff could not state a claim against the college officials "for failing to train or supervise private student actors." 509 F. App'x 664, 665 (9th Cir. 2013);[6] *see also Husain v. Springer*, 494 F.3d 108, 134–35 (2d Cir. 2007) (affirming the dismissal of a complaint because the plaintiff failed to allege that "school authorities coerced or encouraged" students to engage in the constitutional violation).

*Dharod* reflects a basic principle: "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

Here, Fees does not state a plausible claim that any of the ASU Officials "exercised coercive power" over the ASASU Supreme Court or significantly encouraged its decision.[7]

---

[6] The Ninth Circuit reversed and vacated the District Court's ruling in part because it denied the pro se plaintiff leave to amend the Complaint. *See id.* at 665.

[7] The Ninth Circuit's decision in *OSU Student Alliance v. Ray* is not to the contrary.

**III.    The Eleventh Amendment bars Fees' requested relief because Fees seeks retrospective relief and Fees seeks prospective relief that the ASU Officials have no authority to provide.**

**A.    Fees cannot recover retrospective relief against the ASU Officials.**

Because the ASU Officials are sued in their official capacities, [Doc. 1 ¶¶ 4–7], "they are entitled to Eleventh Amendment immunity" unless Fees' Complaint comes within the limited exception provided by *Ex Parte Young*, 209 U.S. 123 (1908). *Students for a Conservative Am. v. Greenwood*, 378 F.3d 1129, 1130 (9th Cir. 2004). To determine whether *Young* applies, a court must "conduct a 'straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 296 (1997)). But under the Eleventh Amendment, a court may not "adjudicate the legality of past conduct by state officials." 13 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure (Jurisdiction) § 3524.3 (3d ed. 2020).

The guts of Fees' requested relief are barred under these principles because they seek to remedy conduct that has already occurred. The ASASU Supreme Court already disqualified Fees' presidential ticket, and Palmer already was inaugurated as President. [Doc. 1 ¶¶ 17, 20–47, 60–61]. The Eleventh Amendment thus bars Fees' request for a declaration about, or an injunction undoing, the student court's disqualification or Palmer's inauguration. [*Id.* (Prayer for Relief) ¶¶ A, C, G]. *See Greenwood*, 378 F.3d at 1130 ("[T]he Eleventh Amendment precludes granting the [student] plaintiffs' request for a new election because it is not a request for prospective [injunctive] relief. Its purpose is to undo the results of an election that has already been given effect.").[8]

_____

There, the Court held that a First Amendment claim was stated against university officials who "oversaw" a "subordinate" employee and "knowingly acquiesced" in the subordinate employee's alleged free speech violations. 699 F.3d 1053, 1070, 1075 (9th Cir. 2012). Unlike in *Ray*, Fees does not allege that any of the ASU Officials has supervisory authority over the student court. Fees also does not allege that ASASU is anything but an independent and self-governing student government organization composed of students.

[8] Fees' requested relief is also barred by laches. Fees waited to sue until the day

**B.     Fees cannot recover prospective relief that the ASU Officials have no authority to provide.**

Fees' requested prospective relief fails because he does not allege facts that would permit his requested remedy. Fees requests an injunction that would require the "expungement" of the ASASU Supreme Court's disqualification from his "record." [Doc. 1 (Prayer for Relief) ¶ D]. But Fees does not (and cannot) allege that there is anything in this "record" to expunge. He thus cannot recover that relief from the ASU Officials. *See Greenwood*, 378 F.3d at 1131 (affirming the dismissal of students' complaint when the students sought "the expungement of any reference to election code violations" from the school's records when there were "no records to expunge").

Likewise, Fees requests declaratory and injunctive relief against the "Defendants" to stop them from "enforcing any provision" of the Student Elections Code that "constitute[s] a prior content-based restraint on free speech." [Doc. 1 (Prayer for Relief) ¶¶ E, F]. But Fees does not (and cannot) allege that any of the ASU Officials has any legal duty to "enforce" the Student Elections Code. He thus cannot recover that relief from the ASU Officials.

## Conclusion

Fees' Complaint has no business in federal court. Fees tries to sue non-jural entities, fails to plead a plausible constitutional violation, and requests relief that the Eleventh Amendment bars. This Court should therefore dismiss his Complaint with prejudice.[9]

---

before Palmer was inaugurated. He did not seek emergency relief in this Court, and Palmer was inaugurated on June 9. [Doc. 1 ¶¶ 58, 60–61]. Fees thus unreasonably and prejudicially delayed in seeking relief that would now require the ASU Officials to remove Palmer from her position as student government President and to install Fees. *See, e.g.*, *Ariz. Libertarian Party v. Reagan*, 189 F. Supp. 3d 920, 922–23 (D. Ariz. 2016) ("Laches—unreasonable and prejudicial delay—requires denial of injunctive relief . . . .") (citation omitted).

[9] Should the Court for some reason find that any of the ASU Officials are subject to suit despite the arguments above, the Defendants reserve the right to argue that Fees' Complaint still requires dismissal because the student court's enforcement of the content-neutral Student Elections Code did not violate any of Fees' First Amendment rights.

Dated:  August 10, 2020                      **PERKINS COIE LLP**

By: *s/ Joel W. Nomkin*
    Paul F. Eckstein
    Joel W. Nomkin
    Austin C. Yost
    2901 North Central Avenue, Suite 2000
    Phoenix, Arizona 85012-2788

*Attorneys for Defendants*

**Certification**

Under Local Rule 12.1(c), the undersigned certifies that, before filing this Motion to Dismiss, Defendants' Counsel notified Plaintiff's Counsel about the issues asserted in this motion, but Plaintiff's Counsel did not respond. The parties were thus unable to agree that the Plaintiff's Complaint was curable in any part by a permissible amendment.

*s/ Joel W. Nomkin*

148746410.6