Paul F. Eckstein (#001822)
Joel W. Nomkin (#011939)
Austin C. Yost (#034602)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
PEckstein@perkinscoie.com
JNomkin@perkinscoie.com
AYost@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Maximilian Soza Fees**,<br><br>Plaintiff,<br><br>v.<br><br>**Arizona Board of Regents**; **Dr. Cassandra Aska**, Dean of Students of Arizona State University; **Dr. Ronald Hicks**, Senior Associate Dean of Students of Arizona State University; **Elizabeth Rosenkrantz**, Executive Director, Associated Students of Arizona State University,<br><br>Defendants. | Case No. 2:20-CV-01131-SRB<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(Oral Argument Requested)** |

# Table of Contents

**Introduction** ......................................................................................................... 1

**Factual Background** ............................................................................................ 2

    I.     The ASASU Supreme Court disqualified Fees' presidential ticket.................... 2

    II.    The ASU Employees did not intervene in the ASASU Supreme
            Court's disqualification decision. ..................................................................... 2

**Legal Standard** ..................................................................................................... 3

**Argument** .............................................................................................................. 4

    I.     Fees cannot sue ASASU because it is a non-jural entity.................................. 4

    II.    Fees cannot sue the Board because it is neither a "person" under
            42 U.S.C. § 1983 nor subject to suit under the Eleventh Amendment. ............... 5

    III.   Fees' FAC against the ASU Employees fails to allege that they
            proximately caused the alleged deprivation of his free speech rights. ............... 5

           A.    The FAC lacks individualized allegations of wrongdoing against
                  the ASU Employees. ........................................................................... 5

           B.    The FAC alleges no facts suggesting that the ASU Employees
                  proximately caused the claimed First Amendment violation. .................. 6

           C.    The ASU Employees owed no duty to "cure" the alleged First
                  Amendment violation by the ASASU Supreme Court. ........................... 8

    IV.   Fees cannot recover any of his requested relief................................................ 11

           A.    Fees lacks standing to recover any prospective relief. ......................... 11

           B.    Fees cannot recover the relief requested against non-parties in
                  paragraphs C, D, F, G, H, and I of the FAC. ......................................... 13

           C.    Fees cannot recover the relief requested in paragraphs B, C, D,
                  E, F, G, and I of the FAC because the ASU Employees have no
                  authority or duty to provide that relief. ................................................. 13

           D.    Fees cannot recover the relief requested in paragraphs A, C, E,
                  G, and H of the FAC because the Eleventh Amendment bars those
                  relief requests. ................................................................................... 14

**Conclusion** ......................................................................................................... 15

**Table of Authorities**

**Cases**                                                                                                   **Page(s)**

*Ancheta v. Mortg. Elec. Registration Sys., Inc.*,
   No. 16-CV-06520-YGR, 2017 WL 3033630 (N.D. Cal. July 18, 2017),
   *aff'd* 730 F. App'x 509 (9th Cir. 2018) ..................................................................... 9, 10

*Ansel Adams Publ'g Rights Tr. v. PRS Media Partners, LLC*,
   502 F. App'x 659 (9th Cir. 2012) ................................................................................... 4

*Ariz. Students' Ass'n v. Ariz. Bd. of Regents*,
   824 F.3d 858 (9th Cir. 2016) .......................................................................................... 5

*Arnold v. Int'l Bus. Machs. Corp.*,
   637 F.2d 1350 (9th Cir. 1981) ........................................................................................ 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................ 4, 5, 6, 8, 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................ 4

*Blum v. Yaretsky*,
   457 U.S. 991 (1982) ................................................................................................ 10, 11

*City of L.A. v. Lyons*,
   461 U.S. 95 (1983) ........................................................................................................ 12

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013) ...................................................................................................... 12

*De Cambra v. Sakai*,
   No. Civ. 14-00279 DKW-BMK, 2014 WL 3108002
   (D. Haw. July 7, 2014) .................................................................................................... 6

*Decker v. Bales*,
   No. CV-16-02872-PHX-SRB, 2017 WL 6407783
   (D. Ariz. Feb. 28, 2017) ................................................................................................ 12

*Dharod v. L.A. City Coll.*,
   No. CV 11-3902-JST (RNB), 2011 WL 3555622 (C.D. Cal. June 7,
   2011), *aff'd in part, rev'd in part* 509 F. App'x 664 (9th Cir. 2013) ...................... 9, 10

*Dharod v. L.A. City Coll.*,
   No. CV 11-3902-JST (RNB), 2011 WL 3555793 (C.D. Cal. Aug. 11,
   2011), *aff'd in part, rev'd in part* 509 F. App'x 664 (9th Cir. 2013) .......................... 10

*Dharod v. L.A. City Coll.,*
　　509 F. App'x 664 (9th Cir. 2013) ................................................................. 10

*Dickenson v. Haga,*
　　No. EDCV 18-2464-DOC (KK), 2019 WL 416720
　　(C.D. Cal. Jan. 31, 2019) ........................................................................... 5, 6

*Dixon v. Clark,*
　　No. CV 09-2650-PHX-SRB, 2010 WL 11515673
　　(D. Ariz. Aug. 24, 2010) ................................................................................ 5

*Double J Inv., LLC v. Automation Control & Info. Sys. Corp.,*
　　No. CV-13-00773-PHX-SRB, 2013 WL 12190461
　　(D. Ariz. Nov. 22, 2013) ................................................................................. 2

*Ex Parte Young,*
　　209 U.S. 123 (1908) .............................................................................. 11, 14

*Flagg Bros., Inc. v. Brooks,*
　　436 U.S. 149 (1978) ........................................................................................ 9

*Husain v. Springer,*
　　494 F.3d 108 (2d Cir. 2007) ......................................................................... 10

*Idaho v. Coeur d'Alene Tribe,*
　　521 U.S. 261 (1997) ...................................................................................... 14

*Ivey v. Bd. of Regents of Univ. of Alaska,*
　　673 F.2d 266 (9th Cir. 1982) .......................................................................... 6

*Jones v. Donovan,*
　　812 F. App'x 610 (9th Cir. 2020) ........................................................... 13, 14

*Krist v. State,*
　　No. CV17-2524 PHX DGC, 2018 WL 1570260 (D. Ariz. Mar. 30, 2018) .................... 4

*Mandel v. Bd. of Trs. of Cal. State Univ.,*
　　No. 17-CV-03511, 2018 WL 1242067 (N.D. Cal. Mar. 9, 2018) ................................ 7

*Minch v. Ariz. State Bd. of Nursing,*
　　No. CV-17-2525-PHX-JJT, 2017 WL 5496156 (D. Ariz. Nov. 16, 2017) .................. 6

*Morgan v. State,*
　　No. CV 06-346-TUC-FRZ (JCG), 2007 WL 2808477
　　(D. Ariz. Sept. 27, 2007) ............................................................................... 4

*Quiroz v. ALCOA Inc.*,
   243 Ariz. 560 (2018) ........................................................................ 8, 9

*Rounds v. Or. State Bd. of Higher Educ.*,
   166 F.3d 1032 (9th Cir. 1999) ............................................................ 5

*Rynn v. McKay*,
   No. CV-18-00414-PHX-JJT, 2018 WL 3926666
   (D. Ariz. Aug. 16, 2018) ................................................................. 4, 6

*Sebra v. Neville*,
   801 F.2d 1135 (9th Cir. 1986) ........................................................... 14

*Stevenson v. Koskey*,
   877 F.2d 1435 (9th Cir. 1989) ........................................................ 7, 8

*Students for a Conservative Am. v. Greenwood*,
   378 F.3d 1129 (9th Cir. 2004) ..................................................... 14, 15

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) .......................................................................... 12

*Verizon Md., Inc. v. Pub. Serv. Comm'n*,
   535 U.S. 635 (2002) .......................................................................... 14

*Will v. Mich. Dep't of State Police*,
   491 U.S. 58 (1989) .............................................................................. 5

*Williams v. City of Mesa Police Dep't*,
   No. CV-09-1511-PHX-LOA, 2009 WL 2568640
   (D. Ariz. Aug. 18, 2009) ..................................................................... 4

**Statutes**

42 U.S.C. § 1983 ..................................................................... passim

**Other Authorities**

13 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure ................. 14, 15

Federal Rule of Civil Procedure 8 ................................................... 6

Federal Rule of Civil Procedure 12 ................................................. 2

Federal Rule of Civil Procedure 17 ............................................. 1, 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Introduction**

Plaintiff Maximilian Fees brought this 42 U.S.C. § 1983 action to challenge and overturn the decision of a student government court that disqualified him from holding office as a student body president because of violations of a student government elections code. His First Amended Complaint ("FAC") names two entities as Defendants: the Arizona Board of Regents ("the Board") and the Associated Students of Arizona State University ("ASASU"), ASU's student government body.[1] The FAC also names three ASU employees as Defendants: Dr. Cassandra Aska (Dean of Students), Dr. Ronald Hicks (Senior Associate Dean of Students), and Elizabeth Rosenkrantz (Executive Director of ASASU) (collectively, "the ASU Employees"). According to the FAC, the student supreme court unconstitutionally disqualified Fees' presidential ticket for the speech of his supporters and the ASU Employees should have intervened to stop the disqualification.

For the following reasons, the FAC fails to state a claim on which relief can be granted against any of the Defendants:

**The Entity Defendants:** ASASU is a non-jural entity under Arizona law who cannot be sued under Federal Rule of Civil Procedure 17(b)(3). The Board is neither a "person" under 42 U.S.C. § 1983 nor subject to suit under the Eleventh Amendment.

**The ASU Employees:** Fees does not—and as a matter of law cannot—allege any facts showing that these Defendants proximately caused the student court decision at the center of the FAC.

Beyond that, Fees is not entitled as a matter of law to any of the relief that he seeks. The Eleventh Amendment bars his request for retrospective relief, such as overturning the student court's disqualification decision. And his request for prospective relief fails both for lack of standing and because he alleges no facts that could make the ASU Employees responsible for providing his requested remedies.

---

[1] The FAC's caption does not name ASASU as a Defendant, but paragraph 3 lists it as a party. Presumably, Fees intended to name ASASU as a Defendant.

The FAC should therefore be dismissed in full under Federal Rule of Civil Procedure 12(b)(6).

### Factual Background[2]

**I.      The ASASU Supreme Court disqualified Fees' presidential ticket.**

Fees is an undergraduate student at ASU. [Doc. 10 ¶ 2]. In Spring 2020, he ran for President of the ASASU Undergraduate Student Government for ASU's Tempe campus. [*Id.*]. He received more votes in the runoff presidential election than his competitor, Jacqueline Palmer. [*Id.*]. But on the day of the runoff election, Palmer's campaign manager filed a complaint with the student-run ASASU Elections Department, alleging that Fees' ticket had violated the student-written ASU Undergraduate Student Elections Code. [*Id.* ¶¶ 17, 20; *see also* Doc. 1-3 at 2].[3]

The ASASU Elections Department determined that Fees' ticket had violated the Student Elections Code and should be disqualified. [Doc. 1-3 at 2]. Under the Student Elections Code, only the ASASU Supreme Court—comprised exclusively of ASU students—has ultimate authority to disqualify candidates, and so it reviewed the Elections Department's findings. [*Id.* (citing Chapter 11-2 of the Student Elections Code)]. The student court found by a preponderance of the evidence that various Fees supporters had violated the Student Elections Code and thus disqualified Fees' ticket. [Doc. 10 ¶¶ 18, 20; *see also* Doc. 1-3 at 3–6].

**II.     The ASU Employees did not intervene in the ASASU Supreme Court's disqualification decision.**

Over the next several days, Fees wrote letters asking various ASU employees—all of them non-Defendants except Dr. Aska—to intervene in the student court's disqualification of his presidential ticket. [Doc. 10 ¶¶ 67–70]. They did not do so. [*Id.* ¶ 76].

---

[2] While the Defendants dispute many of the FAC's factual allegations, the Defendants accept them as true for purposes of this Motion to Dismiss.

[3] Fees attached four exhibits to his original Complaint. [*See* Doc. 1 (Exs. A–D)]. He repeatedly referred to those exhibits in his FAC. [*See, e.g.*, Doc. 10 ¶¶ 20, 67, 70, 82]. This Court may consider those documents in deciding this Motion to Dismiss because they were "attached to the [original] Complaint" and "incorporated by reference" in the FAC. *Double J Inv., LLC v. Automation Control & Info. Sys. Corp.*, No. CV-13-00773-PHX-SRB, 2013 WL 12190461, at *2 n.2 (D. Ariz. Nov. 22, 2013) (citation omitted).

Although the recipients of Fees' letters did not intervene, the ASASU Supreme Court agreed to "reassess[]" its decision given Fees' accusation that the decision violated his free speech rights. [*Id.* ¶ 71]. According to the FAC, the ASU Employees (Defendants Aska, Hicks, and Rosenkrantz) helped the student court develop a process for its "reassessment"—such as allowing interested students to submit "bullet points" and possibly to present oral argument to the court. [*Id.* ¶¶ 72, 73]. Fees also alleges that Defendants Hicks and Rosenkrantz served as "advisors and [c]lerks" to the ASASU Supreme Court during its reassessment and provided some sort of "guidance," but the FAC does not say what advice or guidance they supposedly provided. [*Id.* ¶¶ 73, 79]. After its review, the ASASU Supreme Court reaffirmed its decision and disqualified Fees' presidential ticket. [*Id.* ¶ 79].

The FAC cites no student government or university regulation that provides a right or procedure to review, let alone to reverse, a final ASASU Supreme Court disqualification decision. Nonetheless, after the student court reaffirmed its decision, Fees wrote to three non-Defendants—Drs. Crow, Rund, and Vogel.[4] [*Id.* ¶ 82; *see also* Doc. 1-6]. Fees' letter asked the recipients to "conduct an independent review" of the student court's interpretation of the Student Elections Code as applied to his presidential ticket. [Doc. 1-6 at 2]. Pending that review, Fees requested that the recipients postpone Palmer's inauguration. [*Id.* at 1]. They did not do so. [Doc. 10 ¶ 83]. On June 9, 2020, Palmer was inaugurated as President of the ASASU Undergraduate Student Government for ASU's Tempe campus. [*Id.* ¶¶ 84, 87].

The day before Palmer's inauguration, Fees filed this lawsuit.

## Legal Standard

A complaint must allege enough facts that, "accepted as true, . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must allege facts that

---

[4] Dr. Crow is ASU's President, Dr. Vogel is the Vice President of Student Services, and Dr. Rund is the Senior Vice President of Educational Outreach and Student Services.

1 would allow a court "to draw the reasonable inference that [each] defendant is liable for the

2 misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions,' or 'a formulaic

3 recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S.

4 at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

5 factual development.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

6 **Argument**

7 As explained below, Fees failed to state a claim on which relief can be granted

8 against any of the Defendants.

9 **I.    Fees cannot sue ASASU because it is a non-jural entity.**

10 Arizona law does not authorize suit against ASASU. "The capacity to sue or be sued

11 is determined by the law of the state where the district court is located." *Williams v. City of*

12 *Mesa Police Dep't*, No. CV-09-1511-PHX-LOA, 2009 WL 2568640, at *2 (D. Ariz. Aug.

13 18, 2009) (citing Fed. R. Civ. P. 17(b)(2), (3)). "State agencies that may sue and be sued

14 are known as jural entities; non-jural entities are not subject to suit." *Morgan v. State*, No.

15 CV 06-346-TUC-FRZ (JCG), 2007 WL 2808477, at *8 (D. Ariz. Sept. 27, 2007).

16 "In Arizona, a plaintiff may sue a government entity only if the state legislature has

17 granted that entity the power to sue or be sued." *Rynn v. McKay*, No. CV-18-00414-PHX-

18 JJT, 2018 WL 3926666, at *3 (D. Ariz. Aug. 16, 2018). This rule requires dismissal of

19 ASASU because no Arizona statute allows it to be sued. To the contrary, courts—including

20 the Ninth Circuit—have consistently concluded that Arizona's universities and units within

21 those universities cannot be sued. *See, e.g.*, *Ansel Adams Publ'g Rights Tr. v. PRS Media*

22 *Partners, LLC*, 502 F. App'x 659, 660 (9th Cir. 2012) (noting that the University of Arizona

23 is "a non-jural entity" that "cannot be sued in its own name"); *Krist v. State*, No. CV17-

24 2524 PHX DGC, 2018 WL 1570260, at *3 (D. Ariz. Mar. 30, 2018) (dismissing claims

25 "against ASU and the School of Art" because the plaintiff failed to show that those entities

26 are "jural entities separate from" the Board).[5]

27 ──────────

28 [5] Even if ASASU were a jural entity, it would be immune from suit under the Eleventh Amendment. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1035–36 (9th Cir. 1999) (holding that "the recognized student government" at a public university

**II.    Fees cannot sue the Board because it is neither a "person" under 42 U.S.C. § 1983 nor subject to suit under the Eleventh Amendment.**

Neither 42 U.S.C. § 1983 nor the Eleventh Amendment authorizes suit against the Board. To state a civil rights claim, Fees must allege that his rights were violated by the "conduct of a 'person.'" *Dixon v. Clark*, No. CV 09-2650-PHX-SRB, 2010 WL 11515673, at *2 (D. Ariz. Aug. 24, 2010) (citation omitted). But "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). This principle requires dismissal of the Board because the Board "is an arm of the State of Arizona for Eleventh Amendment purposes." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864–65 (9th Cir. 2016); *see also id.* at 865 (describing the plaintiff's decision to name the Board as a defendant an "error" under the Eleventh Amendment).

**III.   Fees' FAC against the ASU Employees fails to allege that they proximately caused the alleged deprivation of his free speech rights.**

**A.    The FAC lacks individualized allegations of wrongdoing against the ASU Employees.**

A civil rights plaintiff such as Fees must allege enough facts to state a plausible claim that "*each Government-official defendant*, through the official's *own individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added). That is because "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677. The plaintiff must therefore "present facts showing how [each] particular defendant was directly and personally involved in inflicting the alleged injury, such that a claim to relief is 'plausible on its face.'" *Dickenson v. Haga*, No. EDCV 18-2464-DOC (KK), 2019 WL 416720, at *3 (C.D. Cal. Jan. 31, 2019) (quoting *Iqbal*, 556 U.S. at 678); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

Fees' FAC does not come close to meeting this standard. The core of the FAC is that the ASASU Supreme Court—not the ASU Employees—violated Fees' free speech rights

can "claim the same Eleventh Amendment immunity that shields the [u]niversity itself").

by disqualifying his presidential ticket. [Doc. 10 ¶¶ 22–66]. But that student court is not—and as a non-jural entity, could not be—a defendant. While Fees tries to hold the ASU Employees responsible for the student court's decision, he alleges no facts that would establish their individual liability.

Large swaths of the FAC do not even mention the ASU Employees individually. Instead, these paragraphs merely allege that some unspecified "Defendant" did something, [*id.* ¶¶ 46, 47, 58, 68, 84], or that the "Defendants" as a group did something, [*id.* ¶¶ 1, 9, 22, 24, 25, 45, 57]. Such broad and generalized allegations do not state a plausible civil rights claim against individual defendants. *See, e.g.*, *Dickenson*, 2019 WL 416720, at *3 (dismissing civil rights claims when the plaintiff failed "to demonstrate individual defendants were directly and personally involved in inflicting the alleged injury" and instead set out "allegations as to actions taken by 'Defendants' as a collective group").[6]

**B.      The FAC alleges no facts suggesting that the ASU Employees proximately caused the claimed First Amendment violation.**

Critically, Fees alleges no facts to suggest that any of the ASU Employees were the "proximate cause" of the alleged First Amendment violation. *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A government official causes the deprivation of a plaintiff's constitutional rights only when the official:

---

[6] *See also Rynn*, 2018 WL 3926666, at *2 (dismissing civil rights claims when the plaintiff failed to "adequately distinguish between the 14 Defendants in terms of their alleged conduct" and reasoning that a "plaintiff may not collectively accuse multiple defendants of committing misdeeds through the expedience of the title "Defendants" because "group[-]pleading fails to comply with Rule 8(a)(2) [in that] it does not give fair notice of the claims against each Defendant with the requisite specificity"); *Minch v. Ariz. State Bd. of Nursing*, No. CV-17-2525-PHX-JJT, 2017 WL 5496156, at *1 (D. Ariz. Nov. 16, 2017) (dismissing civil rights claims when the plaintiff failed to "both name specific defendants and allege specific actions by those defendants" because a "plaintiff may not collectively accuse multiple defendants of committing misdeeds through the expedience of the title "Defendants" because "group[-]pleading fails to comply with Rule 8(a)(2) [in that] it does not give fair notice of the claims against each Defendant with the requisite specificity"); *De Cambra v. Sakai*, No. Civ. 14-00279 DKW-BMK, 2014 WL 3108002, at *4 (D. Haw. July 7, 2014) (dismissing civil rights claims when the plaintiff alleged that "all Defendants, without differentiation, are liable to him for [his] alleged deprivations" because § 1983 "requires an actual connection or link between a defendant's actions and the plaintiff's allegations" and thus, to state a claim, a plaintiff "must demonstrate that each Defendant was personally involved in the alleged deprivations of his constitutional rights").

1)    Performs an "affirmative act" that causes the deprivation of the plaintiff's constitutional rights;

2)    "[P]articipate[s] in the affirmative acts of another" that, "acting concurrently, results in the plaintiff being deprived" of his constitutional rights; or

3)    Does not perform an act that "he is legally required" to perform that "causes the deprivation" of the plaintiff's constitutional rights.

*Stevenson v. Koskey*, 877 F.2d 1435, 1439 (9th Cir. 1989). As applied here, Fees' FAC recognizes that the ASU Employees did not even enter the picture until "[a]fter the student supreme court violated Plaintiff's free speech rights." [Doc. 10 ¶ 67]. Fees' complaint against the ASU Employees merely alleges that, after the alleged damage was already done, these Employees did nothing to "cure" the alleged First Amendment violation. [*Id.* ¶¶ 70, 87; *see also id.* ¶ 73]. But the alleged failure to act *following* a constitutional violation cannot as a matter of law constitute the proximate cause *of that violation*. *See Mandel v. Bd. of Trs. of Cal. State Univ.*, No. 17-CV-03511, 2018 WL 1242067, at *16 (N.D. Cal. Mar. 9, 2018) (dismissing civil rights claims against university employees when the employees allegedly failed to hold students liable for "violations of student conduct codes" when the "omissions *followed* the alleged constitutional violations").

The FAC's other factual allegations against the ASU Employees likewise fail to plausibly suggest that they caused the student court's disqualification of Fees' ticket. The FAC alleges that they helped the student court develop a "process" for "reassess[ing]" its initial decision—by suggesting that the court give interested students a chance to make "bullet point[]" or oral argument presentations to the court. [Doc. 10 ¶¶ 71, 72]. Even the FAC does not try to suggest that this sort of innocuous help suffices to show blame for the decision that the court ultimately reached. To the contrary, Fees acknowledges that Dr. Aska explained to him the importance of *not* intervening in the ASASU Supreme Court's disqualification decision to respect "the autonomy of student government." [Doc. 1-5 at 2]. And while the FAC alleges that Dr. Hicks and Ms. Rosenkrantz served as "advisors and [c]lerks" to the student court and provided some sort of "guidance," [Doc. 10 ¶¶ 73, 79],

the FAC alleges no facts about what that "guidance" supposedly entailed, let alone does it suggest that those Defendants caused or encouraged the student court to reaffirm its disqualification decision.

*Iqbal* holds that "the well-pleaded facts" must permit this Court "to infer more than the mere possibility of misconduct." 556 U.S. at 679. Here, the conduct alleged against the ASU Employees doesn't permit the Court to infer anything close.

> **C.      The ASU Employees owed no duty to "cure" the alleged First Amendment violation by the ASASU Supreme Court.**

The FAC also fails to allege anything to suggest that the ASU Employees had any legal duty to "cure" the student court's alleged free speech violation. A government official's omission can only proximately cause a constitutional violation when the official was "legally required" to act. *Stevenson*, 877 F.2d at 1438; *see also Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 564 ¶ 7 (2018) ("Whether a duty exists 'is a legal matter to be determined *before* the case-specific facts are considered.'") (citation omitted). The FAC cites no statute that imposes a legal duty on any of the ASU Employees to interfere in the student court's disqualification decision and no facts that would establish the existence of some special relationship between any of the ASU Employees and Fees that would lead to a legal duty to interfere.

The FAC alleges only conclusions. It claims that the ASU Employees "have a duty to ensure" that the Board's Policy 1-124(A) is "not violated." [Doc. 10 ¶ 10]. But that policy does not even mention the universities' student government bodies, and it certainly does not purport to impose a duty on any of the ASU Employees to intervene in student court decisions when a student alleges that the court violated his free speech rights. [*See id.* ¶ 12].

So too with the FAC's suggestion that the ASU Employees "had the duty to step in and stop [student] violations of the First Amendment when they became apparent." [*Id.* ¶ 21]. From where does that supposed "duty" come? The FAC does not say. Simply throwing out the word "duty" is precisely the kind of "conclusory" pleading and mere "recital of the elements of a cause of action" that *Iqbal* rejects. 556 U.S. at 678–79; *see also*

*id.* at 681 (holding that allegations that an official was "instrumental" in "adopting and executing" a challenged policy were too "conclusory" to state a claim); *Ancheta v. Mortg. Elec. Registration Sys., Inc.*, No. 16-CV-06520-YGR, 2017 WL 3033630, at *2 (N.D. Cal. July 18, 2017), *aff'd* 730 F. App'x 509 (9th Cir. 2018) (stating that courts do not "accept *legal conclusions* in the complaint as true, even if 'cast in the form of factual allegations,'" when deciding motions to dismiss) (citation omitted).

In sum, the FAC boils down to an allegation that the ASU Employees did nothing to intervene in or overturn the student court's "First Amendment violations." [Doc. 10 ¶ 73]. But that does not constitute proximate cause as a matter of law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164 (1978) (observing that the Supreme Court "has never held that a State's mere acquiescence in a private action converts that action into that of the State").

The Ninth Circuit has rejected a student's 42 U.S.C. § 1983 complaint in very similar circumstances because of the complaint's failure to tie alleged misconduct to official action. In *Dharod v. Los Angeles City College*, the plaintiff was a student who was elected to serve a term on the governing board for a student organization. No. CV11-3902-JST (RNB), 2011 WL 3555622, at *3 (C.D. Cal. June 7, 2011), *aff'd in part, rev'd in part* 509 F. App'x 664 (9th Cir. 2013). After the plaintiff was alleged to have engaged in misconduct, the board impeached the plaintiff. *Id.* at *3–4. In response, the plaintiff sued two college officials (among others), alleging that the student organization violated her free speech rights and that the college officials were "fully informed and aware" of the alleged violation. *Id.* at *4. The Magistrate Judge found that there was no state action because the plaintiff did not allege that the "college officials 'coerced or encouraged' the alleged acts of the students." *Id.* at *6 (citation omitted). Like Fees' FAC here, the plaintiff instead only alleged that the college officials "did not intervene" in the students' actions. *Id.* at *7.

The District Court adopted the Magistrate Judge's recommendation. *See Dharod v. L.A. City Coll.*, No. CV 11-3902-JST (RNB), 2011 WL 3555793, at *1 (C.D. Cal. Aug. 11, 2011), *aff'd in part, rev'd in part* 509 F. App'x 664 (9th Cir. 2013). And the Ninth Circuit agreed, holding that the plaintiff could not state a claim against the college officials "for

failing to train or supervise private student actors." 509 F. App'x 664, 665 (9th Cir. 2013);[7]
*see also Husain v. Springer*, 494 F.3d 108, 134–35 (2d Cir. 2007) (affirming the dismissal
of a complaint because the plaintiff failed to allege that "school authorities coerced or
encouraged" students to engage in the constitutional violation).

*Dharod* reflects a basic principle: "a State normally can be held responsible for a
private decision only when it has exercised coercive power or has provided such significant
encouragement, either overt or covert, that the choice must in law be deemed to be that of
the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Here, Fees does not state a
plausible claim that any of the ASU Employees "exercised coercive power" over the
ASASU Supreme Court or significantly encouraged its decision.[8]

This conclusion is underscored by the FAC's Prayer for Relief. As discussed more
fully in the next section, Fees seeks nine forms of relief yet fails to identify by name any of
the ASU Employees who are supposedly responsible for giving him that relief. [Doc. 10
(Prayer for Relief) ¶¶ A–I]. Instead, most of his requested relief is against *non-parties*. [*Id.*
(Prayer for Relief) ¶¶ C, D, F, G, H, I (targeting the student court, ASU, ASU's General
Counsel, and ASU's President). The rest of his relief requests only vaguely target the
"Defendants" as an undifferentiated collective, [*id.* (Prayer for Relief) ¶¶ A, B, E]—just
like the FAC's improper group pleading discussed at page 6 and note 6 above. By failing to
allege that any of the ASU Employees are personally responsible for righting the wrong
alleged in the FAC, Fees signals one thing: none of those individuals proximately caused
the wrong in the first place.

_____

[7] The Ninth Circuit reversed and vacated the District Court's ruling in part because
it denied the pro se plaintiff leave to amend the Complaint. *See id.* at 665.

[8] The Ninth Circuit's decision in *OSU Student Alliance v. Ray* is not to the contrary.
There, the Court held that a First Amendment claim was stated against university officials
who "oversaw" a "subordinate" employee and "knowingly acquiesced" in the subordinate
employee's alleged free speech violations. 699 F.3d 1053, 1070, 1075 (9th Cir. 2012).
Unlike in *Ray*, Fees does not allege that any member of the ASASU Supreme Court acted
as a subordinate employee of any of the ASU Employees when the student court decided to
disqualify Fees' presidential ticket. Fees also does not allege that ASASU is anything but
an independent and self-governing student government organization composed of students.

**IV.    Fees cannot recover any of his requested relief.**

To summarize, Fees seeks a declaration that his First Amendment free speech rights were violated. [*Id.* (Prayer for Relief) ¶¶ A, E, H]. He also requests an injunction to (1) "overturn[]" the ASASU Supreme Court's disqualification decision; (2) require ASU to make both a "public apology" to Fees and a "public statement" that Fees' disqualification violated Fees' free speech rights; (3) order ASU's General Counsel to appoint an attorney to monitor future ASU student government elections; (4) mandate that ASU's President "produce a memo[randum]" that "correct[s] the record" and distribute that memorandum to the Board and others; and (5) "prohibit[]" the Defendants and ASU from violating students' free speech rights and "enforcing any provision" of the Student Elections Code "that would constitute a prior content-based restraint on free speech." [*Id.* (Prayer for Relief) ¶¶ B, C, D, F, G, I]. Each of these relief requests fail for multiple, overlapping reasons: Fees lacks standing to recover prospective relief, he cannot recover relief against non-parties, he cannot recover relief that the ASU Employees have no authority or duty to provide, and the Eleventh Amendment bars his requested retrospective relief.

**A.    Fees lacks standing to recover any prospective relief.**

Under the *Ex Parte Young* exception to the Eleventh Amendment discussed in Section D below, the *only* conceivable relief that a civil rights plaintiff may obtain against government officials sued in their official capacities is prospective equitable relief to stop an ongoing violation of federal law. To be sure, the FAC's Prayer for Relief includes items that purportedly seek such relief—from "prohibiting future violations of First Amendment rights," [*id.* (Prayer for Relief) ¶ B], to requiring ASU's General Counsel to appoint an Elections Monitor, [*id.* (Prayer for Relief) ¶ D]. But Fees lacks standing to obtain any of the prospective relief that he seeks—meaning that he is not entitled to any relief at all.

Under Article III of the United States Constitution, a plaintiff must demonstrate standing separately for each form of relief sought. *See, e.g.*, *City of L.A. v. Lyons*, 461 U.S. 95, 105 (1983). For prospective injunctive relief, the threat of injury must be "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488,

493 (2009). In other words, the "'threatened injury must be *certainly impending* to constitute injury in fact'" and "'[a]llegations of *possible* future injury are not' sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409–10 (2013) (alteration in original) (citation omitted). Critically here, when a plaintiff seeks prospective injunctive relief, "past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." *Lyons*, 461 U.S. at 103. Rather, the plaintiff's "standing to seek the injunction requested depend[s] on whether he [is] likely to suffer future injury." *Id.* at 105; *see also Decker v. Bales*, No. CV-16-02872-PHX-SRB, 2017 WL 6407783, at *2 (D. Ariz. Feb. 28, 2017) (applying *Lyons*).

For example, in *Lyons*, the victim of a police chokehold brought an action for damages as well as for declaratory and injunctive relief, alleging that "he may again be subject to an illegal chokehold." 461 U.S. at 104. The Supreme Court held that his complaint, while sufficient for a damages claim, did not establish standing for either an injunction or a declaratory judgment because the victim failed to show that he faced a real and immediate threat that he would suffer an illegal chokehold again. *See id.* at 105 ("That [the plaintiff] may have been illegally choked by the police" in the past "does nothing to establish a real and immediate threat that he would again" suffer a chokehold).

Likewise here, Fees does not allege any facts to show that he, personally, faces a "real and immediate threat" that any of the ASU Employees will again infringe his alleged First Amendment campaign rights. The FAC is centered on what Fees perceives to be a "past wrong"—the ASASU Supreme Court's disqualification of his presidential ticket and the failure of the ASU Employees to "step in." [Doc. 10 ¶¶ 17–87]. He does not begin to allege that he is about to experience that "wrong" again. Consequently, Fees does not have standing to recover prospective relief—even if his First Amendment rights were violated by his disqualification as a candidate.

**B.** **Fees cannot recover the relief requested against non-parties in paragraphs C, D, F, G, H, and I of the FAC.**

This Court "lack[s] the authority" to grant injunctive relief against "non-parties." *Jones v. Donovan*, 812 F. App'x 610, 611 (9th Cir. 2020). Yet the vast majority of Fees' requested injunctive relief targets non-parties. In particular, Fees requests an injunction to:

- "[O]verturn[]" the *ASASU Supreme Court's* decision;

- "[D]irect[]" *ASU* to make a "public statement" that Fees' disqualification violated his free speech rights;

- Require *ASU* to issue a "public apology" to Fees;

- "[R]estrain[]" *ASU* from "enforcing any provision" of the Student Elections Code "that would constitute a prior content-based restraint on free speech";

- Order *ASU's General Counsel* to appoint an attorney to monitor future ASU student government elections; and

- Mandate that *ASU's President* "produce a memo[randum] that "correct[s] the record" and distribute that memorandum to the Board.

[Doc. 10 (Prayer for Relief) ¶¶ C, D, F, G, I]. Fees cannot recover this requested relief because this Court lacks the authority to grant it.

**C.** **Fees cannot recover the relief requested in paragraphs B, C, D, E, F, G, and I of the FAC because the ASU Employees have no authority or duty to provide that relief.**

Fees requests a variety of declaratory and injunctive relief against the "Defendants," "ASU," and others to, among other things, stop them from "enforcing any provision" of the Student Elections Code that "constitute[s] a prior content-based restraint on free speech." [*Id.* (Prayer for Relief) ¶¶ B, C, D, E, F, G, I]. But Fees cites no statute or university regulation that authorizes any of the ASU Employees to provide this relief or that imposes a legal duty on any of the ASU Employees to perform these acts. He thus cannot recover this relief from them. *See, e.g.*, *Sebra v. Neville*, 801 F.2d 1135, 1138–39 (9th Cir. 1986) (affirming the dismissal of a defendant when his "lack of authority" to provide the requested relief precluded the plaintiff "from obtaining injunctive relief against him").

### D. Fees cannot recover the relief requested in paragraphs A, C, E, G, and H of the FAC because the Eleventh Amendment bars those relief requests.

Because the ASU Employees are sued in their official capacities, [Doc. 10 ¶¶ 5–7], "they are entitled to Eleventh Amendment immunity" unless the FAC comes within the limited exception provided by *Ex Parte Young*, 209 U.S. 123 (1908). *Students for a Conservative Am. v. Greenwood*, 378 F.3d 1129, 1130 (9th Cir. 2004). To determine whether *Young* applies, a court must "conduct a 'straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 296 (1997)). But under the Eleventh Amendment, a court may not "adjudicate the legality of past conduct by state officials." 13 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure (Jurisdiction) § 3524.3 (3d ed. 2020).

Various items in the FAC's Prayer for Relief are barred under these principles because they seek to remedy conduct that has already occurred. The ASASU Supreme Court already disqualified Fees' ticket, and Palmer already was inaugurated as President. [Doc. 10 ¶¶ 17–87]. The Eleventh Amendment thus bars Fees' request for a declaration about, or an injunction "overturn[ing]," the student court's disqualification. [*Id.* (Prayer for Relief) ¶¶ A, C, H]. *See Greenwood*, 378 F.3d at 1130 ("[T]he Eleventh Amendment precludes granting the [student] plaintiffs' request for a new election because it is not a request for prospective relief. Its purpose is to undo the results of an election that has already been given effect.").

Beyond that, Fees' requested prospective relief fails because it would not remedy an ongoing violation of federal law. Fees requests an injunction that would require ASU to issue a "public apology" to Fees because ASU allegedly did not "adequately protect[]" his free speech rights and to make a "public statement" that Fees' disqualification violated his free speech rights. [*Id.* (Prayer for Relief) ¶¶ C, G]. But this requested relief would impermissibly require the Court to "adjudicate the legality of past conduct by state

officials," not to remedy an *ongoing violation* of federal law. Wright & Miller, *supra* page 14, § 3524.3. Fees thus cannot recover this relief against the ASU Employees.

### Conclusion

This case has no business in federal court. Fees tries to sue a non-jural entity and an entity who cannot be sued under 42 U.S.C. § 1983 and the Eleventh Amendment; fails to plead a plausible constitutional violation; and requests relief that he cannot recover. The FAC should thus be dismissed for failure to state a claim.[9]


Dated:  August 24, 2020                    **PERKINS COIE LLP**


By: *s/ Joel W. Nomkin*
    Paul F. Eckstein
    Joel W. Nomkin
    Austin C. Yost
    2901 North Central Avenue, Suite 2000
    Phoenix, Arizona 85012-2788

*Attorneys for Defendants*

---

[9] Should the Court for some reason find that any of the ASU Employees are subject to suit despite the arguments above, the Defendants reserve the right to argue that Fees' FAC still requires dismissal because the student court's enforcement of the content-neutral Student Elections Code did not violate any of Fees' First Amendment rights.

1

**Local Rule 12.1(c) Certification**

2      Under Local Rule 12.1(c), the undersigned certifies that, before filing this Motion

3   to Dismiss, Defendants' Counsel notified Plaintiff's Counsel about the issues that are

4   asserted in this Motion. Although Counsel exchanged emails after that notice, they did not

5   reach any agreement that the Plaintiff's First Amended Complaint was curable in any part

6   by a permissible amendment.

7

8                                              *s/ Joel W. Nomkin*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28