David R. Jordan, Esq. #013891
*The Law Offices of David R. Jordan, P.C.*
1995 State Road 602
PO Box 840
Gallup, NM 87305-0840
(505) 863-2205
Fax: (866) 604-5709
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTICT OF ARIZONA

| | |
|---|---|
| Maximilian Soza Fees, ) | No. 2:20-CV-01131-SRB |
| ) | |
| Plaintiff, ) | **RESPONSE TO MOTION TO** |
| ) | **DISMISS FIRST AMENDED** |
| v. ) | **COMPLAINT** |
| ) | |
| Arizona Board of Regents; Dr. ) | |
| Cassandra Aska, Dean of Students of ) | |
| Arizona State University, Dr. Ronald ) | |
| Hicks, Senior Associate Dean of ) | |
| Students of Arizona State University, ) | |
| Elizabeth Rosenkrantz, Executive ) | |
| Director, Associated Students of Arizona ) | |
| State University, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Maximilian Soza Fees, by and through his undersigned counsel, hereby submits his response to Defendants' motion to dismiss.

Under the U.S. Supreme Court's standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Plaintiff's duty under Rule 8(a)(2) of the Federal Rules of Civil Procedure is to establish the plausibility of her discrimination complaint with specific facts. Defendant

1

pays lip service to the plausibility standard, but then cites to a host of summary judgment and jury verdict appeals.

The complaint establishes the plausibility of the complaint against Defendants, and the motion should be denied.

**ARGUMENT**

**I.     *The Appropriate Standard For Analyzing Complaints Under Rule 12(b)(6).***

The standard for the sufficiency of a complaint is established by Rule 8(a)(2) which states that a complaint must provide a "a short and plain statement of the claim showing that the pleader is entitled to relief." For decades, the seminal case in the federal system for analyzing the sufficiency of the complaint was *Conley v. Gibson*, 355 U.S. 41 (1957). In that case, the U.S. Supreme Court would only permit dismissal under Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46 (footnote omitted). This analysis was supported by the complaints provided in the official federal forms, which were generally very conclusory in nature.

The Supreme Court changed the landscape for the sufficiency of complaints in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (2006). *Twombly*, an antitrust case, did not modify Rule 8(a)(2). Rather, it established that a complaint alleging an agreement in violation the antitrust statutes must include "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. As announced by the Court, the pleading standard in Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation. *Id.*, at 555 Thus, the "short and plain statement of the claim" required by Rule 8(a)(2) must include specific, not conclusory, facts demonstrating to the District Court that suggests that a legal claim plausibly exists.

After a great deal of diverse opinions on the scope of *Twombly*, the U.S. Supreme Court provided some clarification in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). *Iqbal* was a *Bivens* case whereby a detainee was alleging that he was the victim of religious discrimination. The complaint made rather conclusory allegations such as claiming that the Defendant "knew of, condoned, and willfully and maliciously agreed to subject [him] to harsh conditions of confinement". *Iqbal*, 129 S. Ct. at 1951. The Court decided that this was the type of conclusory "defendant unlawfully harmed me" kind of allegation.

In *Iqbal*, the Court clarified that *Twombly* was not limited to the antitrust situation but rather was a general interpretation of Rule 8(a)(2). The Court stated, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." 129 S. Ct. at 1949. Thus, the specific facts (as opposed to conclusory statements) must establish *plausibility*. The Supreme Court did not state that all of the facts necessary to survive summary judgment must be in the complaint.

In *Iqbal*, the Court also provided this guidance: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

a defendant has acted unlawfully." *Id.* (Citations omitted). In other words, the Court does not need to determine that there is a probability that the Plaintiff will prevail, but only that, given the specific facts alleged, the violation of the federal statute or the establishment of the legal claim is plausible.

The Ninth Circuit interpreted *Twombly* and *Iqbal* in *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir., 2009). In *Moss*, the Ninth Circuit summarized the law thusly:

> In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.

*Moss*, 572 F.3d at 969.

This discussion does not alter the law regarding inferences on a complaint. In determining whether to grant a motion to dismiss, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the Plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The Court must construe the complaint in the light most favorable to the plaintiff. *Papasan v. Allain,* 478 U.S. 265, 283, 106 S. Ct. 2932, 2943, 92 L. Ed. 2d 209 (1986).

As is made clear by *Iqbal*, the question for the present motion is the plausibility that there is a violation of the First Amendment based upon the facts alleged in the complaint and the inferences that are due to the Plaintiff.

***II.   The Amended Complaint Plausibly States The Culpable Participation By Defendants In First Amendment Violations.***

Plaintiff agrees that the Defendants are liable under Section 1983 if they "omit[ted] to perform an act which [they were] legally required to do which causes the

deprivation of the plaintiff's federally protected rights." *Stevenson v. Koskey*, 877 F.2d 1435, 1439 (9th Cir. 1989). The Amended Complaint goes to great efforts to outline the job responsibilities of the Individual Defendants and the manner in which they participated in the alleged First Amendment Violations. According to the Amended Complaint:

- Dr. Cassandra Aska is the Deputy Vice President and Dean of Students, Tempe, of ASU. She has been sued for prospective injunctive relief in her official capacity and her responsibilities for enforcing Board of Regents policies and overseeing the actions of the employees responsible for conduct of the ASASU elections. Amend.Com. ¶ 5.

- Dr. Ronald Hicks is a Senior Associate Dean of Students of ASU. He is sued for prospective injunctive relief in his official capacity and actions as assisting Clerk to the ASASU student supreme court. Amend.Com. ¶ 6.

- Elizabeth Rosenkrantz is the Executive Director of ASASU. She is sued for prospective injunctive relief in her official capacity and actions as Clerk to the Associated Students of Arizona State University (ASASU) supreme court. Amend.Com. ¶ 7.

Relying upon non-precedential decisions that are not cited in any reporter[1], Defendants assert that Plaintiff is grouping defendants without distinguishing their roles.

---

[1] *See Rynn v. McKay*, No. CV-18-00414-PHX-JJT, 2018 WL 3926666 (D. Ariz. Aug. 16, 2018); *Minch v. Arizona State Bd. of Nursing*, No. CV-17-2525-PHX-JJT, 2017 WL 5496156 (D. Ariz. Nov. 16, 2017); *De Cambra v. Sakai*, No. CIV. 14-00279 DKW, 2014

To the contrary, as is explained above, the Amended complaint distinguishes the roles of all three Defendants. They had overlapping responsibilities in this case, and they made decisions together. Thus, when they acted together, the Amended Complaint refers to "Defendants". When they operated separately, such as at Amend.Comp. ¶ 71, their roles are distinguished.

It is the position of the Amended Complaint that these three state actors had job responsibilities that required them to intervene if students were violating First Amendment rights. The Amended Complaint alleges that they had numerous opportunities during the process to carry out these responsibilities by halting the violations, but they failed to properly carry out these responsibilities. This proximately caused the First Amendment violations to occur.

*A. The Amended Complaint Alleges That Defendants Had Job Responsibilities Obligating Them To Protect The First Amendment Rights of Students.*

There is a significant difference between the word "duty" as it relates to the legal concept of duty, and "duty" as it relates to the factual issue of job responsibilities. No one can seriously dispute that a university has a legal duty to protect the First Amendment rights of its students. *Flint v. Dennison*, 488 F.3d 816, 833 (2007). As noted in the Amended Complaint, the Arizona Board of Regents has issued a Board Policy to protect the First Amendment rights of students.

WL 3108002 (D. Haw. July 7, 2014); *Mandel v. Bd. of Trustees of California State Univ.*, No. 17-CV-03511, 2018 WL 1242067 (N.D. Cal. Mar. 9, 2018); *Ancheta v. Mortg. Elec. Registration Sys., Inc.*, No. 16-CV-06520-YGR, 2017 WL 3033630 (N.D. Cal. July 18, 2017).

> The primary function of Arizona's public universities is to promote the discovery, improvement, transmission and dissemination of knowledge through research, teaching, discussion and debate. The universities must strive to ensure the fullest degree of intellectual freedom and free expression. It is not the proper role of a university to shield individuals from speech protected by the First Amendment, including ideas and opinions that may be unwelcome, disagreeable or deeply offensive.

Board Policy 1-124. This responsibility to "ensure the fullest degree of intellectual freedom and free expression" rests on the Arizona state universities as a whole. However, the Amended Complaint alleges that these three individual defendants have been given specific responsibilities that include protecting the free speech of students and assuring that political speech is not penalized within public forums.

To carry out its legal duty to protect Free Speech, and to enact Board Policy 1-124, Arizona State University has given certain key employees the specific job responsibility of protecting the free speech rights of students. In the context of the most recent student government election, those employees included Defendants Aska, Hicks and Rosenkrantz. The Amended Complaint explains their job titles and their specific responsibilities for protecting students from Free Speech violations.

For example, the Amended Complaint specifically alleges that Defendant Aska, as Dean of Students, has the specific responsibility to enforce Board Policy 1-124, the student election code and student due process rights. Amend.Comp. ¶ 13. The Court must accept this as true for the purpose of this motion. The Complaint further alleges that Defendant Aska, as Dean of Students, Defendant Hicks, as Associate Dean, and Defendant Rosenkrantz, as ASASU director, "have the duty to operate with a duty of care

7

that assures that the ABOR Policy 1-124(A) and the code are enforced in their entirety and without violations of the First Amendment." Amend.Comp. ¶ 14.

The Amended Complaint specifically alleges that the job responsibilities of these three individual defendants include training students and providing legal guidance to make sure that First Amendment rights are not violated. Amend.Comp. ¶ 16. They also have the job responsibilities of making sure that the election code is applied uniformly – that is without preference to one point of view over another. Amend.Comp. ¶ 16. The complaint then alleges that they violated these legal duties by omitting to perform acts that they were legally required to do, and that they culpably participated in the First Amendment violations of others. *Infra.* These acts and omissions give rise to liability under Section 1983.

The Amended Complaint also alleges that when Defendants Aska, Hicks and Rosenkrantz witnessed Plaintiff's First Amendment rights being violated, they had a duty to step in and stop violations of the First Amendment when they became apparent. Amend.Comp. ¶ 21.

> *B. The Amended Complaint Plausibly Establishes The Culpable Acts And Omissions Of Defendants Aska, Hicks and Rosenkrantz.*

Arizona State University delegated its legal duty to enforce Board Policy 1-124(A) and the First Amendment by assigning certain responsibilities to Defendants Aska, Hicks and Rosenkrantz. The next step of the inquiry is the question of whether the Amended Complaint alleges acts and omissions of these Defendants that proximately caused First Amendment violations. As the Ninth Circuit has said:

> Section 1983 provides, in pertinent part, that "(e)very person who, under color of any statute of any state . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." (42 U.S.C. s 1983.) A person "subjects" another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made. (*Sims v. Adams* (5th Cir. 1976) 537 F.2d 829.) Moreover, personal participation is not the only predicate for section 1983 liability. Anyone who "causes" any citizen to be subjected to a constitutional deprivation is also liable. The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury. (*Cf. Beverly v. Morris* (5th Cir. 1972) 470 F.2d 1356.)

*Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978)

The Amended Complaint alleges culpable affirmative acts and omissions by these defendants. The complaint alleges that, ultimately, Defendants Aska, Hicks and Rosenkrantz penalized Plaintiff for his free speech. Amend.Comp. ¶42. In so doing, Defendants penalized Plaintiff for content-based reasons. Only pro-Fees comments were penalized on the "Tempe Barstool" account on Instagram. Comments in favor of his opponent were not penalized by Defendants *even though they made the exact same kinds of comments and "likes" on the Tempe Barstool account.* By penalizing pro-Fees statements, and not anti-Fees statements, Defendants engaged in a specific content-based violation of his free speech rights. The complaint alleges that Defendants Aska, Hicks and Rosenkrantz had actual knowledge of this violation of Plaintiff's First Amendment rights but failed in their legal duty to step in and stop the violation.

In response, Defendants claim that the Amended Complaint only alleges that the Defendants knew of the violations after they occurred. This is false. The Amended Complaint alleges that before the May 28, 2020 final ruling of the student supreme court, Defendants Hicks and Rosenkrantz participated in multiple activities to influence, shape and supervise the student elections and the student supreme court process. In addition, Defendants Hicks and Rosenkrantz actively participated in multiple meetings including a forum with the plaintiff on April 28th and also a meeting with the plaintiff on May 20th. At these meetings, these individual Defendants participated in a "reassessment" process to address First Amendment complaints submitted by several students, including Plaintiff. Amend.Comp. ¶ 71.

Defendant Aska assigned Defendant Hicks to "guide the court" to address the First Amendment complaints made by the students. Amend.Comp. ¶ 71. Defendants Hicks and Rosenkrantz specifically told Plaintiff that no legal counsel would guide the supreme court, but that the court would be guided specifically by Defendants Hicks and Rosenkrantz. Amend.Comp. ¶ 78. Defendant Rosenkrantz also acted as clerk to the supreme court. Amend.Comp. ¶ 7.

Despite their direct involvement in the process, *and despite their job responsibilities to protect the free speech rights of students*, these individual defendants allowed the supreme court to violate the free speech rights of students. Amend.Comp. ¶ 73. The Amended Complaint directly alleges that the supreme court, *acting with the direct participation of Defendants Rosenkrantz and Hicks,* reaffirmed its violation of Plaintiff's free speech rights. Amend.Comp. ¶ 79.

Finally, the Amended Complaint alleges that it was Defendants Aska, Hicks and Rosenkrantz who decided to inaugurate Plaintiff's opponents despite their actual knowledge of the First Amendment rights of the Plaintiff. Amend.Comp. ¶ 87.

Defendants claim that they had no duty to "cure" First Amendment violations. This is an incorrect statement of the facts and the law. As a public university, as alleged above, ASU had the duty to protect student's free speech rights. The ABOR enacted a policy directed at making sure that this duty was executed. The three individual defendants named in the Amended Complaint had job responsibilities that required them to protect student free speech rights. And, as has been shown, these Defendants were directly involved in the violations *as they were occurring,* and they took no steps to prevent the penalizing of Plaintiff's speech during their application of the election code.

The Amended Complaint directly alleges these Defendants' duty to act to protect Plaintiff's First Amendment rights, and their culpable participation in the First Amendment violations. The motion to dismiss must be denied.

### III.   *Plaintiff Is Entitled To His Requested Remedies.*

So long as Plaintiff demonstrates an ongoing and prospective harm, he is entitled to request prospective injunctive relief to remedy that harm.[2] *Gomes v. Univ. of Maine Sys.*, 304 F. Supp. 2d 117, 123 (D. Me. 2004) ("If the Plaintiffs are able to sustain their claim that the University's disciplinary action violated their constitutional rights, they would be entitled to demand, and this Court would have the authority to order, University

---

[2] Defendants do not challenge the declaratory judgment relief requested by Plaintiff.

11

officials expunge the unconstitutional disciplinary action from the Plaintiffs' University records.") Plaintiff directly alleged that the violation of his rights was due to a systemic problem at Arizona State University. Defendants Aska, Hicks and Rosenkrantz failed in their responsibilities to educate, train or provide access to licensed legal professionals to the students involved in this process. They allowed students to improperly enforce the "destruction of campaign materials" prohibition in Paragraph 6-4.1 of the Election Code of ASU. They participated in the selective punishment of free speech favoring Plaintiff and the promotion of free speech favoring Plaintiff's opponent. Paragraph 6-4.1 still exists in the Election Code, and this Court should enjoin future content-based interpretations of Paragraph 6-4.1.

The error that Defendants make in this "standing" argument is that they fail to appreciate that Plaintiff is, today, the victim of Free Speech violations that have never been corrected. The case upon which Defendants rely heavily makes it clear that Plaintiff has standing. "Plaintiffs must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions. *[Citations omitted]*. Abstract injury is not enough. The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.' *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983).

In other words, Plaintiff is entitled to request these remedies if he "***has sustained***" an injury, and said injury was "real and immediate". Put another way, Plaintiff's injury must be both "concrete and particularized," meaning "that the injury must affect the plaintiff in a personal and individual way." *Kardules v. City of Columbus*, 95 F.3d 1335, 1347 (6th Cir. 1996).

Plaintiff has been disqualified from an election that he won – he was removed from the office that he had won in an election. Plaintiff's opponent in the election is presently serving in Plaintiff's duly elected office despite having received 18% fewer votes than Plaintiff. This was a "real" injury that he "has sustained". This violation is, as of now, completely unremedied.

When free speech rights are at issue, Courts have demonstrably lowered the "actual injury" requirement for standing.

> When considering Briggs's standing to bring a First Amendment challenge, however, we note that Briggs does not bear a heavy burden to "demonstrate 'a claim of specific present objective harm or a threat of specific future harm.'" *Meese v. Keene,* 481 U.S. 465, 107 S. Ct. 1862, 95 L.Ed.2d 415 (1987) (quoting *Laird v. Tatum,* 408 U.S. 1, 14, 92 S. Ct. 2318, 2326, 33 L.Ed.2d 154 (1972)). "'While it is clear that abstract injury is not enough to establish standing ... it is equally clear that actual harm to individual values of an abstract or esoteric nature can provide the basis for standing.' So, in a variety of settings, standing is often found to protect interests in the electoral process, various First Amendment values, and other intangible rights." Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 13 *Federal Practice and Procedure,* § 3531.4 at 427–28 (1984) (quoting *O'Hair v. White,* 675 F.2d 680, 687 (5th Cir.1982)). "In the context of threats to the right of free expression, courts justifiably often lessen standing requirements." *American Booksellers Ass'n v. Virginia,* 792 F.2d 1261, 1264 n. 4 (4th Cir.1986).

*Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 492 (6th Cir. 1995).

When the suit is one challenging the legality of government action or inaction, the nature and extent of facts that must be averred in order to establish standing depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue. When the Plaintiff is the object of the action, there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561–62, 112 S. Ct. 2130, 2137, 119 L. Ed. 2d 351 (1992).

The argument advanced by Defendants is rather non-sensical. Defendants argue that a Plaintiff who was the direct victim of a free speech violation, causing him to lose the office that he won at an election, has not "been injured". Defendants' advanced reason for this "non-injury" argument is that the Free Speech violation has already been committed by Defendants and is now complete. This is not the law. The standing concern is not whether the violation is ongoing or complete prior to the filing of the complaint. The concern is that Plaintiff suffered the injury in a personal and individual way. *Kardules*, 95 F.3d at 1347.

Plaintiff also contests the assertion that these Defendants cannot be ordered to engage in the requested remedies. Defendants are ASU's dean of students, associate dean of students and director of ASASU. They certainly can issue an apology on behalf of ASU (remedy request G) and issue a public statement on behalf of ASU (remedy request C). As for directing the supreme court to reverse its unconstitutional ruling, Plaintiff has already demonstrated in this response that Defendants had the direct responsibility to provide guidance and oversight for this student court. *Supra.* Similarly, these Defendants,

who have direct oversight over ASASU student elections, can be ordered to involve University counsel in future elections.

### IV.   *The Amended Complaint Does Not Name ASASU As A Defendant.*

Defendants argues that ASASU should not have been named as a Defendant. ASASU was not named as a Defendant. Plaintiff will concede that the ABOR is not a "person" for Section 1983 purposes.

### VI.   *Conclusion*

Plaintiff won a democratic student election but was disqualified because Defendants favored the speech of his opponent. The Amended Complaint alleges that Defendants Aska, Hicks and Rosenkrantz directly participated in these First Amendment violations, and failed to intervene when their job responsibilities, and the law, required them to do so.

The purpose of the Amended Complaint is not to outline every possible fact that would come up in this case, but to outline the specific facts that plausibly give rise to a legally recognized claim. The Amended Complaint does establish such a claim, and the motion to dismiss should be denied.

**DATED** this 15th day of September, 2020.

*The Law Offices of David R. Jordan, P.C.*

*/s/David R. Jordan*
Attorney for Plaintiff