**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maximilian Soza Fees,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona State University, et al.,<br><br>    Defendants. | No. CV-20-01131-PHX-SRB<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"). (Doc. 14, Defs.' Mot. to Dismiss Pl.'s First Am. Compl. ("Mot.").) The Court heard oral argument on October 29, 2020.

**I.    BACKGROUND**

  **A.    Factual Background**

Plaintiff Maximilian Soza Fees ("Plaintiff") is a student at Arizona State University ("ASU") who alleges his free speech rights were violated when a "student supreme court" disqualified him as a student-government candidate based on Instagram posts and likes from his supporters and statements made by others in classrooms. (Doc. 10, First Am. Compl. and Appl. for Prelim. Inj. ("Am. Compl.") ¶ 22.) ASU is a public university. (*Id.* ¶ 8.) The Associated Students of ASU ("ASASU") is ASU's student-government organization. (*Id.* ¶ 3.) In the spring semester of 2020, ASASU held its annual student-government election. (*Id.* ¶ 2.) Plaintiff ran for student body president and won. (*Id.*)

His victory was short-lived. (*Id.* ¶¶ 18, 84.) On the night of the election, the

ASASU student supreme court[1] received a complaint from a student alleging that Plaintiff's campaign violated several provisions of the student election code.[2] (*Id.* ¶ 17; Doc. 1, Ex. A, ASASU Court 4/25/20 Decision ("4/25/20 Decision") at 1.) The student supreme court agreed and disqualified Plaintiff's ticket based on three infractions. (4/25/20 Decision at 3.) The first infraction occurred when Jack Fuller, Vice President on Plaintiff's ticket, promoted election material in a classroom without prior approval. (*Id.* at 3.) The second infraction occurred when Will Owens, a "non-candidate or campaign staff member," promoted election material in a classroom without prior approval.[3] (*Id.* at 4.) The third infraction occurred when several members of a group chat monitored by Plaintiff conspired to "work together to comment on" an opponent's post, like all of those comments "to bring them to the top of that post," and report that post as spam.[4] (*Id.*) The student supreme court issued its decision disqualifying Plaintiff's ticket on April 25, 2020 and reaffirmed that decision on May 28, 2020. (Am. Compl. ¶¶ 18, 19, 80.)

Between the first and second decisions, Plaintiff alleges that Defendants Cassandra Aska, Ronald Hicks, and Elizabeth Rosenkrantz influenced the student supreme court. (Resp. at 10; *e.g.*, Am. Compl. ¶ 19.) Defendant Aska is the Deputy Vice President and Dean of Students at ASU. (*Id.* at 5.) Plaintiff alleges Defendant Aska is responsible for enforcing policies of the Arizona Board of Regents ("Board"), supervising the enforcement of the student election code, and protecting students' due process rights. (Am. Compl. ¶¶ 5, 12.) Defendant Ronald Hicks is the Senior Associate Dean of Students at ASU and acts as an "assisting Clerk" to the student supreme court. (*Id.* ¶ 6.) Defendant Rosenkrantz is the Executive Director of ASASU and "represent[s] the Dean of Students as advisor to the

---

[1] The student supreme court appears to be a group of students that receive and rule on complaints related to alleged violations of the student election code in student-government elections. (*See* Am. Compl. ¶¶ 11, 18, 19.) However, the details provided in the Amended Complaint are scant. (*See id.*)
[2] Plaintiff has provided similarly scant detail as to what the election code is or who created it. (*See id.*)
[3] The 4/25/20 Decision states that "it is Fees' own negligence that caused this to happen." (*Id.* at 4.)
[4] The student supreme court acknowledged that Plaintiff's ticket is not "beholden to the actions of each and every one of their supporters" but nevertheless held Plaintiff's ticket accountable because its members had "frequent and direct communication" with the offending supporters through a group chat. (*Id.*)

ASASU elections department and as clerk to the student supreme court." (*Id.* ¶¶ 5, 13, 20.) Plaintiff alleges that each of these Defendants "act[ed] as clerks" to the student supreme court and "provided oversight and guidance . . . in the reassessment and consideration" of the student supreme court's initial disqualification decision. (*Id.* ¶¶ 72, 79.) Specifically, they "participated in a forum with the ASASU supreme court where a 'reassessment' process was outlined to consider students' First Amendment Complaints." (*Id.* ¶ 71.) Defendants were also possibly referenced by the term "Counsels" in the student supreme court's second decision. (*Id.* ¶ 80.)

### B.   Procedural Background

Following the student supreme court's second decision,[5] Plaintiff sued the Board and Defendants Aska, Hicks, and Rosenkrantz in their official capacities. (*Id.* ¶ 1.) He brings one count under 42 U.S.C. § 1983 and seeks a panoply of relief.[6] (*Id.*) On August 24, 2020, Defendants filed their Motion requesting dismissal. (Mot.) On September 15, 2020, Plaintiff filed his Response. (Doc. 17, Resp. to Mot. ("Resp.").) On September 22, 2020, Defendants filed their Reply. (Doc. 22, Reply to Resp. ("Reply").) The Court heard oral argument on October 29, 2020.

## II.   LEGAL STANDARD

---

[5] Plaintiff filed his Complaint on June 8, 2020, and his Amended Complaint on August 9, 2020. (*See* Doc. 1, Compl.; Am. Compl.)

[6] Plaintiff seeks the following relief: a declaratory judgment establishing that his First Amendment rights were violated; an injunction prohibiting similar violations in the future; an injunction directing the ASASU student supreme court's decision be overturned; an order directing ASU to make a public statement communicating that Plaintiff, Vice President candidate Mr. Fuller, and the rest of their ticket were the duly elected 2020 ASASU Officers, and that their disqualification was based on a violation of their First Amendment rights; an injunction requiring ASU's General Counsel's office to appoint an attorney to serve as an elections monitor that is independent of student services to provide oversight of the elections process; a declaratory judgment stating that Defendants' requirement that all candidates engage in prior content-based restraints of speech violates Plaintiff's First Amendment rights; an injunction restraining ASU from enforcing any provision of the student election code that would constitute a prior content-based restraint on speech; an injunction requiring ASU to make a public apology; a declaratory judgment stating that ASU's actions placed Plaintiff and his ticket in a false light and negatively impacted their emotional well-being and health; an injunction requiring ASU President Dr. Michael Crow to produce a memorandum "correct[ing] the record consistent with the findings and announcements required in this [c]ase" and requiring its distribution to several individuals and the ASU student body; an award of reasonable attorneys' fees and costs; and all other relief that is just and proper. (Am. Compl. ¶¶ 89(A)–(K).)

- 3 -

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).  In determining whether an asserted claim can be sustained, "[a]ll of the facts alleged in the complaint are presumed true, and the pleadings are construed in the light most favorable to the nonmoving party." *Bates v. Mortg. Elec. Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  At this early stage of the litigation, the standard does not mandate that "plaintiff's explanation . . . be true or even probable." *Starr v. Baca*, 652 F.3d 1202, 1216–17 (9th Cir. 2011).  However, "for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In other words, the complaint must contain enough factual content "to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.

### III.   ANALYSIS

Defendants advance three reasons why Plaintiff's allegations are insufficient to state a cause of action under § 1983 against any Defendant. (Mot. at 1.)  First, they argue that the entity Defendants—ASASU[7] and the Board—cannot be sued under Federal Rule of Civil Procedure 17(b)(3), 42 U.S.C. § 1983, and the Eleventh Amendment. (*Id*.)  Second, they argue that the remaining individual Defendants—Defendants Aska, Hicks, and Rosenkrantz—did not proximately cause the alleged violation. (*Id*.)  Third, they argue that the Eleventh Amendment bars recovery because Plaintiff seeks relief that the individual Defendants have no authority to provide. (Mot. at 2.)  Plaintiff has conceded

---

[7] While ASASU is not named in the Complaint or Amended Complaint, Defendants assume ASASU was intended to be named as a party for purposes of their Motion. (Mot. at 4.)

that ASASU and the Board are not appropriate parties.[8]  The Court addresses Defendants' remaining arguments below.

### A.     42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  A plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  This requires a plaintiff to plausibly allege "that the defendant personally participated in a deprivation of the plaintiff's rights, or caused such a deprivation to occur." *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).  Pleading "mere causation in fact" is insufficient; plaintiffs must plead facts establishing that each defendant "proximate[ly] . . . caus[ed]" the deprivation.  *Arnold*, 637 F.2d 1350, 1355 (9th Cir. 1981).

As clarified at oral argument, Plaintiff does not allege that Defendants Aska, Hicks, or Rosenkrantz were responsible for the student supreme court's initial decision to disqualify Plaintiff's ticket.  Rather, Plaintiff argues that it was Defendants' "fail[ure] to intervene" between the student supreme court's first and second decisions that proximately caused the alleged violation.  (Resp. at 15.)

Plaintiff has failed to plead facts establishing that any individual Defendant proximately caused the alleged deprivation.  While the Amended Complaint is replete with allegations that each individual Defendant had a duty to intervene, these allegations are conclusory.  (*See* Am. Compl. ¶ 14 (alleging that individual defendants "ha[d] the duty to operate with the duty of care that assures that the [Board] Policy 1-124(A) and the [student election] code are enforced in their entirety and without violations of the First Amendment" without explanation of where that duty originates); *id.* ¶¶ 10, 11, 14, 16, 21, 49, 65, 73 (alleging breach of a duty with no explanation of origin or contours of the duty); *see also*

---

[8] Plaintiff conceded in its Response and at oral argument that ASASU and the Board cannot be sued under 42 U.S.C. § 1983.  (*See* Resp. at 15; *see also Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016) (stating that Arizona Board of Regents, as an arm of the state, is entitled to sovereign immunity).)

Resp. at 6 (conclusory allegation that individual Defendants' "job responsibilities required them to intervene if students were violating First Amendment rights" and alleging they had "numerous opportunities . . . to carry out these responsibilities by halting the violations . . . which proximately caused the First Amendment violations to occur[]").) Nowhere does the Amended Complaint specify what the Defendants' duties were regarding student supreme court decisions. (*See id.*) Without first establishing the existence of a duty to intervene, Plaintiff cannot establish that a *failure* to intervene proximately caused the alleged violation.

Plaintiff argues in his Response that

> [t]here is a significant difference between the word "duty" as it relates to the legal concept of duty, and "duty" as it relates to the factual issue of job responsibilities. No one can seriously dispute that a university has a legal duty to protect the First Amendment rights of its students.

(Resp. at 6.) "*No one can seriously dispute that a university has a legal duty to protect the First Amendment rights of its students*" is far from adequate to colorably establish each individual Defendant's duty with respect to student supreme court decisions.[9] More is needed.

Plaintiff purports to provide more in the form of a policy adopted by the Board. (Resp. at 6–7.) Board Policy 1-124 provides:

> The primary function of Arizona's public universities is to promote the discovery, improvement, transmission and dissemination of knowledge through research, teaching, discussion and debate. The universities must strive to ensure the fullest degree of intellectual freedom and free expression. It is not the proper role of a university to shield individuals

---

[9] Plaintiff follows this statement with a single cite to *Flint v. Dennison*, 488 F.3d 816 (9th Cir. 2007). But *Flint* does not address the issue of proximate cause. *Flint* held that the University of Montana's student-government election constituted a limited public forum subject to reasonable, viewpoint-neutral restrictions. *Id.* at 831. This conclusion rested almost entirely on evidence of Montana's intent to create such a forum. *See id.* at 831–33. The Court emphasized that this conclusion culminated from a "careful review" of the student government's constitution, bylaws, and relevant election code provisions. *Id.* at 831–33. Here, Plaintiff does not argue that the ASASU student-government election constitutes a limited public forum, and, in any event, he did not provide the Court with enough information to make this determination. *See id.*; *Koala v. Khosla*, 931 F.3d 887, 902 (9th Cir. 2019) ("[W]here an express policy creates a metaphysical forum, the policy itself defines the forum's scope."). *Flint* is inapposite.

- 6 -

>
> from speech protected by the First Amendment, including ideas and opinions that may be unwelcome, disagreeable or deeply offensive.

(Am. Compl. ¶ 12; Resp. at 6–7.) But this policy is just that—a policy—that imposes no specific duties on any individual Defendant.

To the extent Plaintiff suggests that his expectations[10] as to what the individual Defendants should have done are relevant, he is wrong. Plaintiff's expectations cannot create a legal duty for Defendants to intervene. Similarly, allegations that the Defendants acted as "clerks" and helped "outline a reassessment process" in between the first and second decisions does not establish such a duty. Nor do these allegations otherwise establish the requisite connection between Defendants' actions and the alleged deprivation.

Because Plaintiff has not established that the individual Defendants had a duty to intervene between the first and second student supreme court decisions, Plaintiff has not plausibly stated a claim that these Defendants' failure to intervene proximately caused the alleged violation. Accordingly, the Court concludes that the Amended Complaint has failed to state a claim against any of the three individual Defendants. The Court does not reach Defendants' Eleventh Amendment arguments.

### B.    Leave to Amend

Plaintiff did not request further leave to amend in his Response. If he desires to amend his Complaint a third time, he may file a motion so requesting.

## IV.    CONCLUSION

The Board is dismissed from this case because is not a proper party. ASASU was never named as a party. Claims brought against the remaining Defendants are dismissed because Plaintiff has not alleged facts plausibly suggesting proximate cause. Plaintiff's

---

[10] The Amended Complaint alleges that Plaintiff "agree[d] to the student elections code with the expectation" that the individual Defendants would enforce 1-124(A) and would "respect the legal and constitutional rights of students." (Am. Compl. ¶ 15.) Plaintiff further alleges that he "expect[ed] that . . . Defendants Aska, Hicks and Rosenkrantz would be properly exercising their duty to provide training, legal expertise and guidance to ASASU students to assure that ABOR Policy 1-124(A) and the First Amendment rights of students are not violated and that the student election code would be applied properly and uniformly." (*Id.* ¶ 16.)

application for a preliminary and permanent injunction is denied.

**IT IS ORDERED** granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 14).

Dated this 19th day of November, 2020.

Susan R. Bolton
United States District Judge