**NOT FOR PUBLICATION**


**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Maximilian Soza Fees, | No. CV-20-01131-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona State University, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Maximilian Soza Fees ("Plaintiff")'s Motion for New Trial and Motion for Leave to Amend ("Mot."). (Doc. 29, Pl.'s Mot. for New Trial and Mot. for Leave to Am. ("Mot.").)

**I.    BACKGROUND**

The Court more fully summarized the background of this case in a previous order. (*See* Doc. 26, 11/19/20 Order on MTD ("11/19/20 Order") at 1–3.) In short, Plaintiff is a university student who ran for student body president, won the election with a majority of the vote, and was subsequently disqualified by the university's student supreme court based on his campaign's violations of the student election code. (*Id.*) Plaintiff sued the university and several university employees, alleging that this disqualification violates the First Amendment. (*Id.*)

On November 19, 2020, the Court granted Defendants Arizona Board of Regents, Cassandra Aska, Ronald Hicks, and Elizabeth Rosenkrantz's Motion to Dismiss Plaintiff's First Amended Complaint. (*Id.*; Doc. 14., Defs.' MTD First Am. Compl. ("Defs.' MTD").)

1   The Court held that Plaintiff's First Amended Complaint failed to plead facts establishing
2   that any individual Defendant proximately caused the alleged First Amendment violation.
3   (11/19/20 Order at 7.)  On December 17, 2020, Plaintiff filed his Motion requesting a new
4   trial and leave to amend his First Amended Complaint.  (Mot.)  On December 31, 2020,
5   Defendants Aska, Hicks, and Rosenkrantz filed their Response in Opposition to Plaintiff's
6   Motion ("Response").  (Doc. 30, Defs.' Resp. in Opp'n to Mot. ("Resp.").)  On January
7   14, 2021, Plaintiff filed his Reply in Support of his Motion ("Reply").  (Doc. 33, Reply in
8   Supp't of Mot. ("Reply").)

9   **II.     LEGAL STANDARD & ANALYSIS**

10          **A.     Leave to Amend**

11          Except for amendments made as a matter "of course" or pursuant to stipulation,
12  leave of court is required to amend a pleading.  Fed. R. Civ. P. 15(a).  Leave to amend
13  should be freely granted "when justice so requires."  *Id.*  The Supreme Court has identified
14  four relevant factors in determining whether a leave to amend pleadings should be denied:
15  undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the
16  opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Absent prejudice, or a strong
17  showing of any of the remaining *Foman* factors, there exists a presumption under Rule
18  15(a) in favor of granting leave to amend."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316
19  F.3d 1048, 1052 (9th Cir. 2003) (emphasis removed).  The party opposing amendment
20  bears the heavy burden of overcoming this presumption.  *DCD Programs, Ltd. v. Leighton*,
21  833 F.2d 183, 187 (9th Cir. 1987).

22          Defendants make no showing of prejudice, bad faith, or undue delay, but focus
23  exclusively on the purported futility of Plaintiff's proposed claim.  (Resp.)  "[T]he test for
24  futility is whether the amendment can survive a motion to dismiss under Rule
25  12(b)(6)."  *Fulton v. Advantage Sales & Mktg., LLC,* 2012 WL 5182805, at *3 (D. Or. Oct.
26  18, 2012).  "Ordinarily, courts will defer consideration of challenges to the merits of a
27  proposed amended pleading until after leave to amend is granted and the amended pleading
28  is filed."  *Bentley v. Arizona Dep't of Child Safety*, No. CV-17-00966-PHX-DJH, 2018 WL

8262769, at *1 (D. Ariz. Nov. 7, 2018) (quoting *Fair Hous. Council of Cent. Cal., Inc. v. Nunez*, 2012 WL 217479, at *4 (E.D. Cal. Jan. 24, 2012)).

The Court will defer consideration of Defendants' challenges to the merits at this time.  The Court granted Defendants' previous motion to dismiss on the basis that the First Amended Complaint failed to adequately allege proximate cause.  (11/19/20 Order at 7.) Plaintiff's Second Amended Complaint purports to cure this defect.  (*See* Mot.) Defendants, however, have declined to challenge the effectiveness of this cure in their Response, instead expressly choosing to leave such an argument for a future motion to dismiss.[1]  (Resp. at 9–10.)  The Court finds this strategy insufficient to meet Defendants' burden of overcoming the presumption in favor of granting leave to amend.  Leave to amend will be granted.

### B.      Motion for New Trial

Plaintiff's Motion also requests a new trial pursuant to Rule 59.  "There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence."  *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978).  Plaintiff's Motion is devoid of any arguments pertaining to a new trial.  (*See* Mot.)  Even construing Plaintiff's Motion as a Motion for Reconsideration, it fails because it makes no effort to "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court" as required by the local rules.  *See* LRCiv 7.2(g)(1).  Plaintiff's request for a new trial will be denied.

### III.    CONCLUSION

Defendants declined to challenge the effectiveness of Plaintiff's purported cures to the problems identified by the Court in its order dismissing Plaintiff's First Amended Complaint.  The Court finds that Defendants have failed to overcome the presumption in favor of granting leave to amend.  The Court therefore grants Plaintiff's Motion to the extent it requests leave to amend.  Plaintiff, however, declined to proffer any arguments related to its motion for a new trial.  The Court therefore denies Plaintiff's Motion to the

---

[1] Defendants' Response merely reasserts the alternative arguments made in their previous motion to dismiss.  (*Id.*; *see* Defs.' MTD.)

extent it requests a new trial under Rule 59.

**IT IS ORDERED** granting in part and denying in part Plaintiff's Motion for New Trial and Motion for Leave to Amend (Doc. 29).

**IT IS FURTHER ORDERED** directing Plaintiff to file his Second Amended Complaint not later than seven (7) days from the date of this Order.

Dated this 8th day of February, 2021.

_____
Susan R. Bolton
United States District Judge

- 4 -